State vs. Roland.

. No 9522.

THE STATE OF LOUISIANA VS. SAMPSON ROLAND.

A juror accepted on the faith of the truth of his sworn answers, but who on cross-examination contradicts himself, may be challenged peremptorily before the oath is administered to him.

A copy of a coroner's inquest, by the clerk of the Criminal District Court who is the legal custodian of the same, is admissible in evidence.

A motion in arrest of judgment cannot be entertained where it is not based on errors patent on the face of the proceedings.

Testimony in support of such motion cannot be received

APPEAL from the Twenty-second District Court, Parish of Ascension. *Duffel*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee :

1 Where a juror in a criminal trial has been accepted by the district attorney upon the faith of his sworn replies and tendered to the accused, and upon this subsequent examination he contradicts himself and admits that he has heard of the case, the State may exercise her right of peremptory challenge. This right exists until the oath is administered to the juror. Bishop, Vol. 1. § 945; Wharton P. and P. § 672; Proffat on Jury Trials, § 165.

2. A tender of the juror to the accused is no waiver of the right of peremptory challenge. Wharton P. and P., § 675.

3. A copy of the coroner's inquest, certified to by the deputy clerk of the Criminal District Court, parish of Orleans, is admissible in evidence to prove the *Corpus delicti* in a trial for murder in one of the country parishes. The copy is as authentic as the original.

4. Grand jurors cannot be heard to impeach their finding. Nor is their evidence admissible to prove allegations contained in a motion in arrest of judgment, which can only be sustained for errors patent upon the face of the record. 15 Ann. 557; 28 Ann. 658; 30 Ann. 91; 28 Ann. 129; 8 R. 513.

*A. Gondrom* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The accused appeals from a sentence of death passed upon him on a verdict of guilty of murder.

The record contains bills of exceptions to the rulings of the district judge, permitting the peremptory challenge of a juror by the State; admitting a certified copy instead of requiring the original of the coroner's inquest, and refusing the introduction of testimony in support of a motion in arrest of judgment.

I.

It appears that, when examined by the State on his *voir dire*, the juror said that he knew nothing of the case and that when cross-examined by the defense, he admitted having heard talk about it.

The State then challenged the juror peremptorily. The court over-ruled the objections of the accused and discharged the juror. To this ruling a bill was taken.

It suffices to say that it is well settled that the challenge, either by the prosecution or by the defense, must be made before the oath is commenced, down to which period the rights exists. Waterman C. D. p. 602 (140); Wharton C. P. and P., 672; Bishop on C. P. Vol. 1, § 945; Proffat Jury Trials, § 105.

It is no waiver of the right to challenge for cause for the defendant to pass the juror over to the court or the opposite side for examination. Wharton C. P. 675.

It is also settled, that even after the administration of the oath, it lies in the discretion of the court whether a peremptory challenge shall be allowed or not. Proffat on Jury Trials, § 165.

In the present case the challenge was made after tender to accused, but before the qualifications of the juror had been admitted and before he had been sworn.

The challenge was in time and properly sustained.

## II.

The court was right in admitting in evidence a certified copy of the coroner's inquest which was at the time on record in the clerk's office of the Criminal District Court for the parish of Orleans, within whose jurisdiction the murdered man died and the inquest was held.

The law provides that, in case of murder or manslaughter, the coroner shall return to the court the inquisition, written evidence and all recognizances and examination by him taken. See R. S. 664.

The clerk of such court thus becomes the lawful custodian of such papers and documents. A copy of the same, certified by him, is equivalent to the original, in point of authenticity.

It is not pretended that the copy was not an exact and correct transcript of the original and that the accused suffered any injury.

It appears that the coroner who made the inquest was heard as a witness on the trial of the case, but nothing shows that the sufficiency of the copy was attacked.

## III.

The rule is that a motion in arrest can be entertained only for errors apparent on the face of the record.

The offer of testimony in support of such a motion, which did not disclose such errors, was properly rejected.

Judgment affirmed.