## No. 9865.

### THE STATE OF LOUISIANA VS. ROBERT HÉBERT.

An application for a new trial, for the purpose of proving the insanity of the accused, must be supported by evidence tending to substantiate the mental aberration of the accused, else the trial judge may decline to grant it.

A PPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess, J.*

*M. J. Cunningham,* Attorney General, and *L. D. Beale,* District Attorney, for the State, Appellee.

*E. W. Robertson* and *H. F. Brunet* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. The accused was indicted for the larceny of a cow, and from a verdict of guilty and sentence by the court to imprisonment at hard labor, has appealed.

He rests his claim to relief on three bills of exception.

### I.

Counsel for the accused file a motion for a new trial on the sole ground " that since the trial of this cause, defendant has discovered evidence which he could not obtain before. That his counsel has been informed and believes that, from circumstances related, the accused has been bereft to a great extent of the exercise of his mental faculties; that counsel is prepared to prove this and other facts by competent witnesses; that the conduct of defendant has been *so* strange and unreasonable as to induce them to believe that his intellect is seriously affected, and that he is not responsible legally for his conduct, etc."

He requested the court to dispense the accused from making affidavit, which was permitted by the judge, and for the following reasons refused to grant the application, viz: " I consider the application as if sworn to; asked counsel if he desired to introduce evidence on the motion, which he *did not do* ; and after argument for plaintiff I overruled the motion."

The conclusion and ruling of the trial judge was manifestly correct.

### II.

The accused objected to the introduction on the part of the State of any evidence *tending to rebut* certain testimony elicited on cross-exam-

ination of his witnesses. The evidence has not been annexed to the bill, and cannot, of course, be considered. But, if we are to consider the abstract question of law, we hold it untenable.

### III.

The accused reserved another bill of exceptions, without any evidence annexed, and of which the trial judge says in his assignment of reasons, viz: "The evidence offered by the State was in rebuttal of the statement made by Gamble, a witness called by defendant."

The objection is not serious, and is completely covered by preceding paragraph.

### IV.

A motion in arrest of judgment was filed *ex industria*, assigning " errors apparent on the face of the record," but which are not designated, and are *not* apparent.

Judgment affirmed.