State vs. Dominique.

## No. 9886.

THE STATE OF LOUISIANA VS. EMILE DOMINIQUE, ALIAS FRENCHY.

The absence of the accused, in a case of larceny, from the courtroom at the hearing of a motion of the State's attorney for the amendment of his information, with a view to an alteration of the name or surname of the owner of the stolen property, will not vitiate

the proceedings. His presence in court is required only at the trial of his guilt or innocence, and not during all other preliminary or secondary proceedings, involving matters connected with the form or conduct of his trial.

An amendment of an indictment or information in a case of larceny, changing the name of the alleged owner of the stolen property, may be allowed after arraignment, and the accused cannot complain, after conviction, that he was not arraigned under the indictment or information as amended.

APPEAL from the Nineteenth District Court, parish of St. Mary. Allen, J.

*M. J. Cunningham,* Attorney General, and *W. K. Wilson,* District Attorney, for the State, Appellee.

*W. J. Suthon* and *P. J. Sigur,* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. In a prosecution for larceny, the District Attorney, with leave of the Court, amended his information touching the given name of the owner of the stolen property. The name of the owner as originally alleged, was "Isaiah T. Sharp," and it was amended so as to read "Jeremiah F. Sharp, Jr."

The amendment was made in open court after arraignment and before trial, in the absence of the accused, but in the presence of his counsel. To this mode of proceeding the defendant charges two errors:

1. That his absence from the court vitiated the proceeding.

2. That after the amendment he could not be legally tried without arraignment under the information as amended.

1st. The recent and somewhat numerous decisions of this Court, determining what proceedings in a criminal cause may be had during the absence of the accused, must have escaped the attention of counsel for defendant herein.

The rule has been formulated thus:

"The absence of the accused during the trial of motions not making part of the actual trial of his guilt or innocence, but having reference to the form or conduct of the trial, will not vitiate the proceedings." State vs. Fahey, 35 Ann. 9; State vs. Clarke, 32 Ann. 560; State vs. Harris, 34 Ann. 121; State vs. Gonsoulin, 38 Ann. 459.

Hence that contention can hardly be considered as serious.

2d. The amendment made in this case is clearly covered by the provisions of Section 1047 of the Revised Statutes. Such an amendment has been allowed after the trial had begun. State vs. Holmes, 23 Ann. 604.

In a trial of larceny the gist of the offense is the unlawful taking and appropriating by the accused of the property of another; the name of the owner being a matter of secondary importance or consideration. State vs. Everage, 33 Ann. 120. Hence, in the recent case of the State vs. J. and H. Hauks, not yet reported, this Court sustained the ruling of the district judge, who had allowed, in a case of horse stealing, an amendment, after the trial had begun, of the name of the alleged owner of the stolen horse, from "Sevigne Duhon" to that of the tutor's daughter, " Cecile Duhon, wife of William Harson."

Hence, it follows that the trial judge in the case did not tresspass beyond his legal discretion in ordering the trial to proceed without a second and useless arraignment of the accused.

Judgment affirmed.