### No. 10,082.

### THE STATE OF LOUISIANA VS. CHARLES PETE.

The refusal of a new trial in a criminal case cannot be reviewed on appeal if no bill of. exception was reserved from the ruling of the district judge on the motion for a new trial. Numerous previous decisions reaffirmed.

A complaint involving a matter of fact not patent on the face of the record cannot be presented in a motion in arrest of judgment.

| 39 | 1095 |
| 48 | 576 |
| 39 | 1095 |
| 104 | 445 |
| 104 | 446 |
| 39 | 1095 |
| 109 | 604 |
| 39 | 1095 |
| 112 | 340 |
| 39 | 1095 |
| 119 | 569 |

APPEAL from the Twenty-first District Court, Parish of Iberia. Mouton, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*A. & C. Fontelieu*, for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. The complaints of the accused who appeals from a conviction of feloniously shooting at another, and a sentence to hard labor for one year, are presented in a motion for a new trial, and in a motion in arrest of judgment.

1. His motion for a new trial rested on newly-discovered evidence, and is supported by his own affidavit and by that of the person whose testimony would constitute the newly-discovered evidence.

But no bill of exception was received from the ruling of the trial judge on the motion, and hence the question cannot be reviewed on appeal.

We note the statement in the brief of his counsel that a bill of exception had been reserved from the ruling of the judge, but after the most diligent search of the record, we have failed to find as much as a mention of any bill of exception reserved throughout the trial.

No rule of criminal jurisprudence is more firmly settled and more uniformly enforced than that which requires a bill of exception as an indispensable condition to entitle any matter connected with a motion for new trial to the attention of this court in a criminal case.

With the hope that the profession may be fully informed on the subject we have taken the pains of collating the following recent cases in which the principle has been recognized :

State vs. Williams, 30 Ann. 1029 ; State vs. Given, 782 ; State vs. Nelson, 32 Ann. 842 ; State vs. Ross, 32 Ann. 854 ; State vs. Hudson, 32 Ann. 1052 ; State vs. Chatman, 34 Ann. 881 ; State vs. Williams, 35 Ann. 742 ; State vs. Jackson, 35 Ann. 769 ; State vs. Belden, 35 Ann. 824 ; State vs. Miller, 36 Ann. 158 ; State vs. Comstock, 36 Ann. 310 ; State vs. Walker, 37 Ann. 560 : State vs. Redwine, 37 Ann. 780 ; State vs. Deas, 38 Ann. 581 ; State vs. Wier, 38 Ann. 684 ; State vs. Boyce, 39 Ann. 229 ; State vs. Darrow, 39 Ann. 677 ; State vs. Waggoner, not yet reported.

2.   In his motion in arrest the defendant charges that the minutes of the court do not show that the indictment was presented by the grand jury in open court.

It appears from the record that, while the court was in session, the grand jury entered the *court-room* and presented their report, which included the indictment in this case.

Under this showing, the argument that the indictment was not presented in *open court* is untenable. The awkwardness of the clerk's composition does not destroy the fact which is shown by the entry.

He next contends that the indictment was not indorsed by the foreman of the grand jury, but by the district attorney. The record shows the very reverse, and discloses no irregularity on that score.

His last complaint is that the grand jury was defunct when the indictment was found, because the jury had adjourned for more than three days without leave of the court.

That point involves the discussion of a question of fact which cannot be presented in a motion in arrest of judgment.   The alleged error is not patent on the face of the record.   State vs. Miller, 36 Ann. 158.

We find no error to the prejudice of the accused.

Judgment affirmed.

Todd, J. absent.