State vs. Dennison.

## No. 10,973.

### THE STATE OF LOUISIANA VS. C. V. DENNISON.

A charge to a jury in a criminal case in which the judge limits himself to instructing the jury to the law in the case, and refrains from recapitulating the evidence so as to influence them, and does not repeat or state the testimony of a witness, and does not give an opinion as to what facts have been proved or disproved, affords no ground of complaint.

A charge in the following words is not error:

"And whilst malice and premeditation involved a prior intention to do the act in question, it is not necessary that the intention should have been conceived for any particular time. It is as much premeditation if it be entered into the mind a moment before the act as if it entered years before."

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson, J.*

*W. H. Rogers, Attorney General, D. C. Scarborough, District Attorney* and *M. H. Carver*, for the State, Appellee:

*W. H. Jack* for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J. The accused was tried on a charge of murder, and convicted of manslaughter, and was sentenced to hard labor for a period of ten years. From the verdict thus rendered and sentence thus imposed, he has appealed on grounds stated in two bills of exception to portions of the written charge of the trial judge.

In the first bill it is urged that the district judge trenched upon the facts of the case, and intimated his opinion as to the legal bearing of the evidence to the prejudice of the accused.

The part of the charge complained of is as follows:

"Although it may be the unwritten law of the land that a husband, father and brother may lawfully slay one who debauches or deflowers his wife, daughter or sister, no law, written or unwritten, justifies the settlement of other domestic troubles or infelicities by resort to deadly weapons.

"Therefore, even if you believe from the evidence that the deceased, Hazlewood, either persuaded the wife of the prisoner to leave his bed and board, or afford her shelter or protection (if she

quit him of her own accord), in neither case would such fact excuse the killing. Such family troubles can not lawfully be adjusted by the deadly bullet. The extreme legal effect of such provocation would be to support the charge of malice."

The following are the reasons, appended to the bill, by the judge for the charge:

"The defence set up by the prisoner was that the deceased, in conjunction with his father-in-law, had interfered with his domestic relations, and persuaded his wife to leave him and go to her father's house. The prisoner had been married about two months to a girl of sixteen years of age, without the consent of her parents, and by elopement with the girl. The deceased had been married about six months to a sister of the prisoner's wife, and was living, at the time of the killing, with G. W. Hawthorn, the father of both. The young wife of the prisoner left his bed and board about six days before the killing, for what reason it does not clearly appear, the prisoner claiming that it was on account of the persuasion of the deceased, and her father and the prosecution claiming that it was on account of ill treatment and dissipation of the prisoner, both propositions being supported by some presumption, but unsatisfactory evidence.

"In the fatal rencounter that took place, the prisoner was the aggressor, assaulting the deceased with a heavy cane, the deceased being unarmed, and offering such resistance as he could with his hands.

" Upon the interference of three several bystanders, each endeavoring to prevent further violence, the cane was taken from the prisoner, the deceased retiring from the conflict, followed by the prisoner, who drew a pistol from his pocket, and fired the fatal shot, the parties being about twelve feet apart at the time.

" The counsel for the accused, in his argument, urged that by the higher law of the country, not found or sanctioned by the authorities, that the jury would be justified in excusing the act of killing, on account of the alleged interference by the deceased in the domestic affairs of the prisoner, as above recited. Much discussion was had before the jury upon the question, and this discussion gave rise to the charge complained of."

The second bill of exception is taken to the following charge:

" And whilst malice and premeditation involve a prior intention to do the act in question, it is not necessary that this intention should

have been conceived for any particular time. It is as much premeditation if it be entered into the mind a moment before the act as if it entered years before, and when deliberate malice is shown and established its continuance down to the perpetration of the homicide will be presumed unless rebutted.''

In the parts of the charge complained of we fail to perceive where there is any violation of Section 991, Revised Statutes. The trial judge limited himself to giving the jury a knowledge of the law applicable to the case. He refrained from stating or recapitulating the evidence so as to influence their decision on the facts, and he did not repeat or state to them the testimony of any witness, nor did he give any opinion as to what facts had been proved. Revised Statutes, Section 991.

In the second bill it is urged that the trial judge erred in ''assuming a condition of things wholly incompatible with the idea of premeditated malice, and highly prejudicial to the rights of the defendant.''

In the brief of counsel this objection is explained as referring to the time when the prior intention to kill was conceived. That when it was conceived a ''moment'' or an ''instant'' before the homicide, the time is ''indefinite'' and ''indivisible,'' and is ''incompatible with the idea of deliberation and premeditation.''

The defendant was charged with murder. The trial judge, by law, was compelled to charge as to malice. There is no time fixed at which the intention may enter the mind of the accused. As stated by the trial judge, it may be a moment or immediately before the homicide, and when so conceived is as much malice as if entertained a year or more.

Judgment affirmed.