## No. 11,247.

### THE STATE OF LOUISIANA VS. LEE TAYLOR ET AL.

It was not shown that the defences of the joint defendants were antagonistic. The plea for a severance was properly overruled.

The statement objected to as self-serving and hearsay was not open to the suspicion of being part of a determined plan of defence; it was admissible in evidence.

If the defendant in a criminal case jointly indicted and tried with another defendant charged with the same offence avails himself of the privilege given him by statute, of testifying in his own behalf, and he incriminates his co-defendant, he is to be regarded and treated as any other witness.

Therefore, his character for honesty may be put at issue by his co-defendant, whom he seeks to inculpate, in an examination as to the general character of the witness for truth and veracity.

The character of a witness in the neighborhood in which he lives is subject to inquiry. It is inadmissible to ask what character the witness had in a neighborhood in which he resided at a period long prior to the trial.

With one exception there is no error in the ruling.

The judgment is annulled and the case remanded for trial.

APPEAL from the Eleventh District Court, Parish of St. Landry. *Perrault, J.*

*M. J. Cunningham,* Attorney General, and *E. B. Dubuisson,* District Attorney, for the State, Appellee.

*E. P. Veazie* and *Chas. F. Garland* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J. The two defendants in this case were charged together with larceny in one count of one indictment.

One has acquiesced in the sentence condemning him to serve eighteen months at hard labor in the penitentiary.

The other from a similar sentence appeals.

#### MOTION FOR A SEVERANCE.

In support of his application for a severance he called his co-defendant to the witness stand for the purpose of proving that their defences were antagonistic—that he had made declarations implicating him.

The co-defendant testified that he had not made any declaration whatever.

The appellant, anxious for severance, called another witness and propounded questions to him in order to prove that his co-defendant had made false statements while testifying as his witness on the trial of the motion for a severance; also that he had offered to become a State witness provided he thereby could secure immunity from prosecution.

The district attorney objected to the admissibility of the testimony.

The court maintained the objection, and gave as reason that the appellant had chosen to examine his co-defendant as a witness, and had failed, by his testimony, to prove the grounds of his motion for a severance; that the district attorney had not heard of any confession, and had expressly declared that no confession would be offered in evidence; that the granting or refusing a severance was within the discretion of the court.

The principle is clearly laid down by the text writers on the subject, in a number of authoritative decisions, that the defendants can not claim separate trials as a matter of right, although they sever in their pleas, but that the court, in its discretion, may allow them to be tried separately.

There are exceptions to the rule. One, for instance, where one joint defendant has made a *confession implicating both*, and which the prosecution intends to offer on the trial.

The case of the appellant is not at all within the exception.

There was no error in the court's ruling refusing to grant a severance.

### Self-serving and Hearsay.

The next error urged by the appellant was to the admissibility of testimony in answer to a question propounded to his co-defendant as a witness.

It was in reference to this co-defendant going to appellant's home on the evening of the day that the larceny of a beef was charged to have been committed.

The witness' answer was:

"Lee Taylor (the co-defendant) told me on that occasion that he was going to Joseph Thomas' house (the appellant) to help to kill a beef. Nothing else was said." (The parentheses are ours.)

The question was objected to on the ground, substantially, that the testimony was self-serving; that it was made out of the presence and hearing of the appellant and was hearsay.

The statement is not open to the suspicion of being part of a determined plan of defence. It was made prior to the larceny charged.

It is not a second-hand relation of facts, but the declaration of a party, proving *rem ipsam*.

The appellant had no ground of complaint, for it did not inculpate him. It is not apparent that by this testimony the co-defendant sought to fix the crime on the appellant.

The court states, as part of the bill of exceptions, that it was not the truth of the statement that was sought to be established, but the fact that the statement was made. The judge's statement and his ruling upon the subject do not suggest error.

### *Inquiry into the Character of a Witness.*

The next bill of exceptions, in the order in which they were taken, relates to the court's confining the inquiry to truth and veracity in matter of the character of one of the accused who had testified.

The defendant, Lee Taylor, had testified that the appellant represented himself as the owner of the beef alleged to have been stolen, and that they had killed it as his property.

As to this witness, Taylor, appellant, propounded the following questions to one of the witnesses:

1. "Do you know the general reputation of Lee Taylor in the community in which he lives for honesty?"

Upon the objection of the counsel for Lee Taylor, the court held that "the witness, Lee Taylor, was a defendant, and not an ordinary witness, and not having put his character at issue, same could not be inquired into by the State or his co-defendant, and for the further reason that even in the case of an ordinary witness whose testimony is sought to be impeached, the better practice is to limit the inquiry as to character to the general reputation of the witness for truth and veracity."

Lee Taylor, under Act 29 of 1886, became a witness on the trial in his own behalf and sought to inculpate his co-defendant and to exculpate himself.

He was subject to the rules which apply to witnesses.

When the defendant becomes a witness against his co-defendant public policy and individual safety require that his reputation for veracity should not be beyond inquiry, though he does not put his character in issue.

Why, if the testimony of other witnesses may be impeached or destroyed, should not his be open to like attack ? No case to the contrary can be found in any of the jurisdictions, permitting the accused to testify in his own behalf.

The well considered case of Lockard vs. Commonwealth, 87 Ky. 201, reviews the jurisprudence of a number of States upon the subject.

The decisions reviewed are: The State vs. Cohn, 9 Nev. 179; Commonwealth vs. Bonner, 97 Mass. 587; Brandon vs. The People, 42 N. Y. 265; The People vs. Connors, 50 N. Y. 240; McGarry vs. The People, 2 Lansing 227; The People vs. McGungill, 41 Ala. 429; Town of Norfolk vs. Gaylord, 28 Conn. 309; State vs. Ober, 52 N. H. 459; State vs. Clinton, 67 Mo.

" Whether the inquiry into the general character shall be restricted to his reputation for veracity or may be made in general terms involving his entire moral character is not yet definitely settled, though it is reasonable that the question as to reputation should be put in the most general form, the opposite party being at liberty to inquire whether notwithstanding the bad character of the witness in other respects he has not preserved his reputation for truth.

"Indeed, one or two English authorities seem to sanction this course; and although a stricter rule is said to prevail in some of the United States, in others, as, for instance, in North Carolina and South Carolina and in Kentucky, the general range of inquiry as hereby recommended is distinctly allowed."

The following decisions specially sanctioned inquiry in reference to honesty in an examination as to the general character of a witness for truth and veracity: 23 N. E. 1098; 100 Mo. 342.

Judge Preston, organ of the court in State vs. Parker, 7 An. 85, ably discussed the subject at some length.

Under the authority of that decision the inquiry may include " honesty " in establishing whether or not a witness is worthy of credit, without, however, going into details of particular acts making up character, whether good or bad.

In the case of the State vs. John Donelon, 45 An., just decided, that decision is specially referred to by counsel for the State as authoritative, and was so considered by the court a qua, and by this court, by the conclusion reached upon the point.

In the case under consideration the scope of the inquiry is not lessened nor enlarged.

We only hold that in a case of larceny, in testifying as to character, the witness may be questioned as to the honesty, truth and veracity of the witness sought to be impeached; that the character of a witness should be marked by honesty in order to maintain a character for veracity.

It is not possible to affirm the sentence and verdict without overruling the decision to which we have just referred. This we think preferable not to do. The case must be remanded.

### Character of the Witness in the Neighborhood.

The appellant attempted to strengthen his defence by putting his character in issue.

The only testimony he offered was that of a witness who was acquainted with him about five years previously, in another locality, about twelve miles from his domicil, at the time of the trial.

The subject of inquiry was the general character of the witness in his neighborhood.

This excluded the consideration of testimony as to character in another community in which he resided many years before the trial. Wharton, Criminal Evidence, p. 487.

With one exception, the district judge's rulings were correct.

It is therefore ordered, adjudged and decreed that the judgment and sentence appealed from be annulled, avoided and reversed, and that the verdict of the jury be set aside as to Tom Casey, alias Joe Thomas, and the case is remanded and a new trial is ordered in so far only as relates to Tom Casey, alias Joe Thomas, but not as to Lee Taylor, who has not appealed, and who is therefore concluded by the verdict of the jury and the judgment of the court a qua.