## No. 12,074.

### THE STATE OF LOUISIANA VS. S. L. SOUTHERN ET ALS.

It is not the opinion of the witness solicited, when he is asked to state a fact, which is a conclusion from other facts which had come under his observation and were within his knowledge.

Where a witness is recalled and examined, the cross-examination is limited to the matter on which he has been re-examined.

In the discipline of his court the trial judge is vested with a sound discretion to stop the prolonged and unnecessary examination of a witness, and when there has been no injustice done the defendant, this court will not interfere with this discretion.

State vs. Southern et als.

In an indictment for larceny from unknown owners it is competent for the prose-
cution to prove that the property found in possession of the defendant did not
belong to him.

On the trial for stealing hogs from unknown owners it is proper to show that the
ear marks on the ears found in defendant's possession was not defendant's
mark.

It is competent to ask the defendant, who is a witness in his own behalf, if he is
charged with other offences, and whether there are other bills pending against
him. The inquiry into a witness' credibility is always permitted. State vs.
Murphy, 45 An. 958.

APPEAL from the Fourth Judicial District Court for the Parish of
Winn. *Wear, J.*

*M. J. Cunningham*, Attorney General, *R. E. Milling*, District
Attorney (and *Henry Bernstein*, of Counsel), for Plaintiff, Appellee.

*S. A. Crawford, J. A. Wallace* and *Ben. P. Edwards* for Defendants,
Appellants.

Submitted on briefs February 29, 1896.
Opinion handed down March 23, 1896.

The opinion of the court was delivered by

McENERY, J. The defendants were convicted of larceny, sentenced
to hard labor, and have appealed.

They rely upon five bills of exception.

The first bill recites: " That the State, after having had witness
J. R. Chapman state the appearance of the place where the hogs
were killed, and the appearance of the meat, ears and blood signs,
and other appearances, asked the witness how long the hogs had
been killed." The objection to the question was that it solicited the
opinion of the witness. It was overruled.

The ruling was correct.

The witness was asked to state a fact, a conclusion from other
facts, which had come under his observation and were within his
knowledge.

The second bill states that a witness had been re-examined by the
State, and a new point raised, and the defence was confined on
cross-examination to this new point, and was not permitted to
examine the witness on other parts of his testimony previously
given.

In the statement appended to the bill the trial judge says there was no new matter drawn out in the re-examination of a witness.

The defence proposed to examine the witness on matters upon which they have been previously examined. The State objected and the objection was sustained. The defence was confined in the cross-examination to the matters inquired of on the re-examination. In thus restricting the cross-examination we do not think the trial judge erred. In the discipline of his court he must be vested with the discretion to put an end to the unnecessary and prolonged examination of a witness, and where there has been no injustice done to the defendant we will not interfere with his ruling in such case. If thus it appears that the examination of the witness was in the way of explaining his testimony. On this matter the defence was not denied the right of cross-examination, but was not permitted to go over the entire testimony on which counsel had cross-examined the witness.

The defendants were indicted for stealing hogs from unknown owners. The third bill recites that pieces of hogs' ears having the appearance of having been marked in a certain mark were presented to the witnesses for the prosecution and they were asked to describe the marks. The objection to the question was that it solicited the opinion of the witness. The hog ears had been found with meat in one of defendants' smoke-houses. The evidence was to show that the hogs were not the property of defendants. Having shown defendants' marks it was certainly competent for the prosecution under the averments in the indictment to show that the marks in the ears were not those of defendant, Southern, in order to prove that he was not the owner of the hogs. It was a fact and not an opinion asked of the witness.

The jury having been informed of the defendant's mark, and the mark on the ears having been described to them, it was within their province to say whether or not the mark was that of defendant.

The fourth bill was taken to the allowing of the following question to be propounded to Elijah Thompson, one of the defendants, who was a witness in his own behalf.

"Are you charged with another offence at this time, and are there any other bills pending against you? "

The question was a proper inquiry to affect the credibility of the witness.

In the case of State vs. Murphy, 45 An. 958, the question asked the defendant, who was a witness in his own behalf, was if he had been arrested for larceny. The ruling of the trial judge in permitting the question to be answered was sustained.

The fifth bill can be disposed of by the judge's statement accompanying it, that the question mainly complained of was withdrawn, and the question as stated in the bill was not asked. The defendant Thornton was on the stand in his own and the other defendants' behalf. The trial judge says he was questioned on matters inquired of on direct examination, and this statement effectually ends the controversy on this point.

Judgment affirmed.