On Rehearing — Statement of Case.
NICHOLLS, J.
On the application for a rehearing herein such serious doubts arose in the mind of the court as to the correctness of the views announced in the original opinion under the heading “Bills Nos. 2 and 3,” that the rehearing asked for was granted. We have examined the complaint made by the defendants that the state should have been permitted to propound and have answered, on cross-examination of the defendant Barrett, a witness on the stand for the defense, the following question:
“Mr. Barrett, how often have you been prosecuted before the courts, and for what offenses?”
And propound and have answered on cross-examination of J im Green, one of the defendants, a witness on the stand for the defense, the following question:
“Mr. Green, how often have you been prosecuted before the courts, and for what offenses?”
Defendant’s counsel objected to these questions on the ground that the matter of the defendant’s character has not been inquired about on the examination in chief, and no questions of that nature had been asked by defendant’s counsel, and the state had no right on cross-examination to go into matters not inquired about on the direct examination.
The bill taken recites, as to the question propounded to Barrett, that he answered by stating that “he had been prosecuted for murder once and a number of times for assault and battery,” and, as to the question asked of Green, that he had answered that “he had been prosecuted once previous, and was charged with whipping a negro.”
The defendants urged in both bills that this action of the state and ruling of the court was prejudicial and injurious to defendants. In both cases the court declared that it had directed the witnesses to answer only after the state had declared in presence of the jury that the testimony was sought solely for the purposes of affecting the credibility of the witness, and citing in support of his ruling State v. Walsh, 44 La. Ann. 1122, 11 South. 811; State v. Taylor, 45 La. Ann. 605, 12 South. 927; State v. Murphy, 45 La. Ann. 958, 13 South. 229; State v. Alexis, 45 La. Ann. 973, 13 South. 394; State v. Southern, 48 La. Ann. 628, 19 South. 668; State v. Favre, 51 La. Ann. 434, 25 South. 93; State v. Robinson, 52 La. Ann. 541, 27 South. 129.
In defendants’ brief on rehearing counsel say:
“We have not found a decision which has permitted the defendant, while on the stand in his own behalf, to be asked whether or not he had ever been charged with crime, or prosecuted for crime, and this has been held to be especially objectionable. In Bartholemew v. People, 104 Ill. 601, 44 Am. Rep. 97, it is held that it is the conviction and not the charge that may be shown, and the reason that no inference of guilt can be drawn from an arrest or a charge —much less an inference of guilt of an offense importing unveracity. It is merely an accusation, and innocence is presumed. People v. Brown, 72 N. Y. 571, 28 Am. Rep. 183; Brown v. People, 8 Hun (N. Y.) 562, holding it error to allow the question: ‘How many times have you been arrested?’
*1093 “In State v. Huff, 11 Nev. 17, in a murder trial, it was held to be an error to be allowed to be asked: ‘How many times have you been arrested for beating women and children?’ See, also, People v. Hamblin, 68 Cal. 101, 8 Pac. 887; Ryan v. People, 79 N. Y. 593, 594. In the case of Smith v. State, 79 Ala. 21, it was held to be reversible error. Ryan v. People, 79 N. Y. 593; Van Bokkelen v. Berdell, 130 N. Y. 141. 29 N. E. 254; State v. Taylor, 45 La. Ann. 608, 12 South. 927; State v. Jackson, 44 La. Ann. 160, 10 South. 600; State v. Donelon, 45 La. Ann. 755-758, 12 South. 922; Clarke v. State, 78 Ala. 474, 56 Am. Rep. 45. In Parker v. Com., 51 S. W. 573, 21 Ky. Law Rep. 408, it was held that it was improper, on cross-examination of defendants charged with murder, to ask: ‘Have you ever been indicted for anything? Tell the jury what you have been indicted for?’ ”
Opinion.
In State v. Murphy, 45 La. Ann. 959, 13 South. 229, the defendant was, over objection, required to answer the question: “Have you been arrested for stealing?” The objection urged was that the question tended to degrade his character; that he had not put his •character at issue; that the records, if any, were the primary evidence of the facts sought to be proved.
In its opinion the court said:
“As a defendant, his character could not be impeached; that issue not having been opened by him. As a witness, his credibility was subject to attack.”
In State v. Southern, 48 La. Ann. 630, 19 South. 668, the question asked of the defendants and permitted to be answered over objection was:
“Are you charged with another offense at this time, and are there any other bills pending against you?”
The objection which was urged does not appear in the report of the ease.
In both cases the judgment of the district court was affirmed, on the ground that the questions were permissible “for the purpose of affecting credibility.” No stress seems to have been urged that the question should not have been asked as to “prosecutions,” “indictments,” or “arrests,” but should have been limited to questions touching “convictions,” which is the point submitted to us on this rehearing. In both of these cases referred to the defendants were on trial for larceny. In State v. Nash, 45 La. Ann. 974, 13 South. 265, and State v. Robinson, 52 La. Ann. 549, 27 South. 124, the questions asked were as to convictions.
It will be noticed that in the present case the special objectionable feature of the question asked, now urged, was not presented or pressed. Had the trial court been called on to consider it, non constat that it would have allowed the questions to be asked in the form they were. We are of the opinion that, had the questions been objected to from the standpoint now urged, the court should have maintained the objection. Wigmore on Evidence, §§ 980-982; State v. Bates, 46 La. Ann. 853, 15 South. 204. We do not feel warranted in enlarging on rehearing the objections submitted to the trial court on the trial.
We therefore find no ground for reversal, and our original judgment must, and does, remain undisturbed.
BREAUX, O. J.
I concur in the decree only, and reserve the right to file my reasons for concurring in the decree and my reasons for dissenting from the views expressed in the opinion of the majority of the court.
See dissenting opinion of BREAUX, O. J., 42 South. 515.