(60 South. 80.)

No. 19,604.

STATE v. McDUFFY.

(Nov. 4, 1912. Rehearing Denied Dec. 16, 1912.)

*(Syllabus by the Court.)*

LARCENY (§ 32*) — INDICTMENT — UNKNOWN OWNER.

In a trial for larceny, the gist of the offense is the unlawful taking and appropriating by the accused of the property of another, the name of the owner being a matter of secondary importance or consideration. Where the name of the owner is not known, it is sufficient to allege that fact. State v. Hanks, 39 La. Ann. 234, 1 South. 458; State v. Dominique, 39 La. Ann. 323, 1 South. 665; State v. Harris, 42 La. Ann. 980, 8 South. 530; State v. Southern, 48 La. Ann. 628, 19 South. 668.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 81–92; Dec. Dig. § 32;* Indictment and Information, Cent. Dig. §§ 277, 281, 282.

For other definitions, see Words and Phrases, vol. 5, pp. 3991–4003.]

Appeal from Eleventh Judicial District Court, Parish of Red River; Samuel J. Henry, Judge.

Major McDuffy was convicted of larceny, and appeals. Affirmed.

S. M. Cagle, of Coushatta, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Wilkinson, Dist. Atty., of Coushatta (G. A. Gondran, of Donaldsonville, of counsel), for the State.

SOMMERVILLE, J. Defendant was charged with having stolen a cow of the value of $10, the property of one whose name was unknown to the grand jurors. He has been convicted, and sentenced: He appeals, and asks that the verdict and sentence be reversed.

The first bill of exceptions is taken to the refusal of the court to grant a new trial, on the ground that there was no evidence whatever showing that the cow alleged to have been stolen was the property of any one. In the case of State v. Hanks, 39 La. Ann. 234, 1 South. 458, we say:

"The ownership in a particular person is not an essential ingredient of the crime of larceny, which is simply the felonious taking and carrying away of the personal goods of another; and, even if the owner be unknown, the offense may be properly charged and sustained.

"The essential facts constituting the crime of larceny of a particular, specified horse, are not in any manner affected by the question whether the horse was the property of Sevigne Duhon or of Cecile Duhon. It is sufficient if the horse is the property of another. The identity of the horse charged to have been stolen is the important thing in determining whether the offense proved is the offense charged."

Again, in State v. Dominique, 39 La. Ann. 323, 1 South. 665:

"In a trial for larceny, the gist of the offense is the unlawful taking and appropriating by the accused of the property of another; the name of the owner being a matter of secondary importance or consideration."

These rulings are affirmed in State v. Harris, 42 La. Ann. 980, 8 South. 530, and in State v. Southern, 48 La. Ann. 628, 19 South. 668. In the latter case the defendant had been indicted for stealing hogs, property of unknown persons, and the evidence adduced on the trial showed that the marks on some of the ears of the hogs which had been killed were not the marks of the defendant. The court held that this was sufficient. In this case the trial judge says that the state proved that the cow did not belong to defendant. It belonged to some other person than defendant.

The second bill of exceptions is to the same effect:

"It is absolutely necessary to allege ownership in some person in order to bring the property within the purview of the definition of larceny. The indictment in this case does not allege that the ownership of the property is in any person."

The authorities just above cited are conclusive on this point. There is some discussion of the evidence in the printed argument for defendant, which is not subject to review on appeal.

There is no error in the verdict and sentence appealed from, and they are affirmed.