It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to include the land and timber on the E. ½ of the S. W. ¼, and S. W. ¼ of S. E. ¼, and the pine timber on the N. W. ¼ of the S. E. ¼, all in section 1, township 10 north, range 5 west, Winn parish, La.; as thus amended, it is affirmed, at defendant's cost.

---

(65 South. 496)

No. 19934.

BEESON v. PICKERING LAND & TIMBER CO. et al.

(May 25, 1914.)

Appeal from Twelfth Judicial District Court, Parish of Vernon; James R. Monk, Judge ad hoc.

Action by Joseph H. Beeson against the Pickering Land & Timber Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

W. M. Lyles, of Leesville, for appellant. Palmer & Thompson, of Leesville, and Pujo & Williamson, of Lake Charles, for appellees.

PROVOSTY, J. Plaintiff sues to have a certain act of sale of a tract of land purporting to have been executed by him set aside as being a forgery, and to have himself decreed to be still the owner of the land. The evidence conclusively shows that plaintiff did execute said act of sale; and the trial court so found. Plaintiff appealed, but has filed no brief in this court in support of his appeal.

Judgment affirmed.

(65 South. 548)

No. 20620.

STATE v. JAMES.

(June 8, 1914.)

*(Syllabus by Editorial Staff.)*

BURGLARY (§ 28*)—INDICTMENT—EVIDENCE—NECESSITY.

Under an indictment charging a breaking and entry into a railroad car of a specified railroad company, a corporation, with intent to commit larceny, the state need not prove that the company is a corporation.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 67–78; Dec. Dig. § 28.*]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Charley James was convicted of crime, and he appeals. Affirmed.

John F. Phillips, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

PROVOSTY, J. The accused having been convicted upon the charge of having in the daytime broken and entered into a railroad car, the property of the Louisiana Railway & Navigation Company, a corporation, with felonious intent to steal the goods in said car, has appealed, and relies for reversal upon the refusal of the trial judge to give the following special charge:

"Before you can find the accused guilty as charged in this indictment, the state must prove the existence of such a corporation."

In State v. Accardo, 129 La. 666, 56 South. 631, where the indictment had failed to allege that the Texas & Pacific Railroad Company was a corporation, this court held the omission to have been unimportant. The same thing can be said in this case of the unimportance of proving that the Louisiana Railway & Navigation Company is a corporation. See, as to the allegation of incorporation being unnecessary, 12 Ency. of Pl. &

Prac. 973; 25 Cyc. 95; 10 Ency. Pl. & Prac. 509; State v. Harris, 42 La. Ann. 980, 8 South. 530; State v. McDuffy, 131 La. 695, 60 South. 80.

Judgment affirmed.