PROVOSTY, J.
Some two years before the present prosecution was begun against accused, he was tried for larceny, and was acquitted. The acquittal was secured mainly, as we understand, upon the testimony of one Noel Bossier ; and he (accused) is now charged with having suborned Bossier on that occasion. Another witness who testified then in his favor was Lum McCann. And this witness repeated on the present trial the same testimony he gave on the former trial.
On cross-examination, he was asked:
“If he had not stated in the presence of Mrs. Ponder, after the trial of Ike Cox for larceny, that he (the said McCann) had made $4 a day and expenses on said trial, which was better than sawing logs?”
And he answered that he had not; and, Blrs. Ponder having been put on the stand to contradict him, accused made the objection that, as the fact of Lum BIcCann having or not made the said statement to Mrs. Ponder was irrelevant to the issue of whether the accused had or not suborned Noel Bossier, testimony upon that fact was inadmissible.
The court admitted the testimony—
“for the purpose of showing the interest and close connection of witness for and with the defendant and for purpose of impeachment.”
[1 ] The cross-examination of a witness may be allowed to taée a wide range “for the purpose,” as our learned Brother puts it, “of showing the interest and close connection of the witness for and with the defendant”; but between cross-examination and the introduction of the testimony of other witnesses the distinction is very broad; the testimony of other witnesses can be admitted only upon matters or points relevant to the issue. Greenleaf, par. 449; Marr, Crim. Juris, p. 753.
[2, 3] The bias or interest of a witness is considered to be relevant to the issue (State v. Craft, 117 La. 213, 41 South. 550); and therefore, as tending to show bias, the testimony of other witnesses would, in the present case, have been admissible to show that on the present trial, or even on the larceny trial, the accused had given this witness $4 a day, and in addition paid his expenses; but the testimony of Blrs. Ponder was not offered for the purpose of showing that the witness had received money; it was offered for the purpose of showing that the witness had told her so; ,and any conversations between Mrs. Ponder and the witness, out of the presence and hearing of the accused, could not possibly, even the most distantly, be relevant to the issue as to whether or not the accused had suborned Noel Bossier. Mrs. Ponder *1011 could only testify to the fact of the witness having made the statement, not to the verity of the statement; and what would have been relevant, as between the state and the accused, would have been the verity of the statement, not the fact of its having been made. The witness was not questioned as to whether or not he had received money from the accused; and Mrs. Ponder was not sought to be examined upon the point of whether the witness had or not received money from the accused. In fact, so far as the record shows, the state did not assert, or pretend, that he had. The witness was asked whether he had not made the statement to Mrs. Ponder; and Mrs. Ponder was called for the purpose merely of contradicting him on the point of whether or not he had made the statement; in other words, merely to impeach his veracity.
[4] Unquestionably the testimony of Mrs. Ponder would have impeached the veracity of the witness; but the rule is that testimony irrelevant to the issue is not admissible for the purpose of impeaching the veracity of a witness; or as the rule is formulated by Greenleaf, par. 449:
“A witness cannot be cross-examined -as to any fact, which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it, thereby to discredit his testimony.”
The witness was not asked, in this case, whether he had received money from the accused, which fact would have been relevant, and could have been testified to by other witnesses ; but he was asked whether he had not had, out of the presence and hearing of the accused, a certain conversation with the impeaching witness—a fact utterly irrelevant to the issue—and the impeaching witness was called for the purpose of proving that such a conversation had taken place.
[5] The learned counsel for accused refers in his brief to the indictment, as follows:
“It is not putting it too strong to say that this bill of indictment is a -masterpiece of obscurity. Almost as much sense can be gotten from a reading of it backward as forward. The only way any sense can be made of it is to read the first few lines, skip about four or five, and read some few more, then go back to the lines skipped and start over, skipping those read before and going to the bottom. This bill is so inaccurate -and obscure that, instead of saying it is inartistic, we would say that it was artistically obscure, vague, rambling, inaccurate, and inconclusive.”
And the further accusation is made that the indictment charges no crime, unless it be bribery of a witness, under section 880 of the Revised Statutes, whereas the judge instructed the jury that it'was founded upon section 857.
The learned counsel cannot expect of an indictment the lucid phrasing that has made the reading of his brief in this case a pleasure. Indictments have long enjoyed a well-merited reputation for cumbersomeness of expression. It is their privilege to be verbose and obscure so long as they set forth the crime to a legal certainty. And this has been done in the present case. In good, old indictment style, secundum artem, every element of the crime of procuring a person to commit perjury, as denounced by section 857, R. S., is set forth with precise legal certainty.
[6] True, bribery is referred to, but merely by way of recital of the means employed by the accused for inducing the perjury, not as constituting the offense charged. The judge, therefore, correctly charged that- the prosecution was under section 857.
Inasmuch as the verdict has to be set aside, the bill of exception to the remark made by the district attorney in his address to the jury need not be considered.
The judgment and verdict appealed from are therefore set aside, and the case is remanded for trial according to law.