(125 So. 617)

No. 30279.

**STATE v. PITRE.**

Dec. 2, 1929. Rehearing Denied Jan. 6, 1930.

Harvey Peltier, of Thibodaux, for appellant.

Percy Saint, Atty. Gen., J. A. O. Coignet, Dist. Atty., of Thibodaux, and E. R. Schowalter, Asst. Atty. Gen., for the State.

BRUNOT, J. The accused was charged with embezzling $348. He was tried, convicted of the crime charged, and sentenced to imprisonment at hard labor in the state penitentiary for a term of ten months. He has appealed from the verdict and sentence. There are four bills of exception in the record.

Bills Nos. 1 and 3 were reserved to rulings of the court sustaining objections by the state to the cross-examination of a state wit-

ness on immaterial and irrelevant matter for the purpose of testing the credibility and impeaching the testimony of the witness. This is the sole question these bills present. In the case of State v. Cox, 136 La. 1008, at pages 1010, 1011 of the opinion, 68 So. 107, 108, the court said:

"Unquestionably the testimony of Mrs. Ponder would have impeached the veracity of the witness; but the rule is that testimony irrelevant to the issue is not admissible for the purpose of impeaching the veracity of a witness; or as the rule is formulated by Greenleaf, par. 449: 'A witness cannot be cross-examined as to any fact, which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it, thereby to discredit his testimony.'"

In State v. Jefferson, 165 La. 941, 116 So. 391, 393, we said:

"It is the recognized and consistently observed rule that a witness cannot be cross-examined as to a collateral or irrelevant matter merely for the purpose of contradicting him by other evidence."

■ Bill No. 2 was reserved to a ruling sustaining an objection by the state to a witness being recross-examined as to matters not touched upon in the redirect examination of the witness. In the case of State v. Southern et al., 48 La. Ann. 628, 19 So. 668, the court said:

"The defense were confined, in the cross-examination, to the matters inquired of on the re-examination. In thus restricting the cross-examination we do not think the trial judge erred. In the discipline of his court, he must be vested with the discretion to put

an end to the unnecessary and prolonged examination of a witness; and, where there has been no injustice done to the defendant, we will not interfere with his ruling in such case."

The same rule is announced in State v. Heidelberg, 120 La. 300, 45 So. 256. See, also, Marr's Crim. Jurisprudence, p. 738, and 50 Cent. Dig., Witnesses, pars. 1006, 1007.

■ Bill No. 4 was reserved to the overruling of a motion, which mover styles a motion in arrest of judgment, but which contains only averments that properly belong in a motion for a new trial. A motion in arrest of judgment can be leveled only at defects patent on the face of the record. 2 La. Dig. p. 688.

■ The motion alleges that the verdict of the jury is contrary to the law and evidence, and in five succeeding paragraphs amplifies mover's exceptions to the rulings complained of in bills 1, 2, and 3.

"In passing upon a motion in arrest of judgment, the Supreme Court excludes from its consideration any of the evidence taken on the trial, and deals with matters on the face of the papers."

The rule just stated is supported by the following cases: State v. Green, 36 La. Ann. 185; State v. White, 37 La. Ann. 172; State v. Roland, 38 La. Ann. 18; State v. Pete, 39 La. Ann. 1095, 3 So. 284; State v. Kline, 109 La. 603, 33 So. 618. The Kline Case is cited in State v. Hauser, 112 La. 313, 36 So. 396.

We find no error in the rulings complained of, and therefore the verdict and sentence appealed from are affirmed.