MONROE, C. J.
It having been charged that, on or about February 4, 1918, defendant “did willfully, maliciously, and feloniously burn a certain dwelling house, in which at the time some human beings were customarily to be found,” he moved to quash the indictment, on the ground that the statute under which he was indicted had been repealed by Act No. 123 of 1918, which, quoad the offense charged, was an ex post facto law, operating a legislative pardon, and that, even if he were convicted, there is no law under which he can be sentenced. The motion was sustained, and the state has appealed.
[1, 2] Defendant was prosecuted under Act No. 263 of 1908, which reads:
“Section 1. * * * That if any person shall at any time willingly and maliciously set fire to or burn or blow up or destroy with dynamite, gun powder or other explosive substance, or set fire to or explode any explosive substance with intent to blow up or destroy any house, building, shed, outhouse, levee, dam, ship, vessel, steamboat, street or railroad car, or other vehicle, or other construction in or on which human beings are customarily to be found, such person shall be guilty of a crime, and on conviction * * * shall suffer the death penalty. „
“Sec. 2. * * * That all laws or parts of laws in conflict with this act, or contrary to its provisions, are hereby repealed, provided no offense heretofore committed against the laws so repealed shall be condoned by this repeal, or the prosecution thereof in any wise abated or affected.”
“Arson,” at common law, is usually defined as the “willful and malicious burning the house or outhouse of another.” 3 Cye. p. 984. Under our law, as will be observed, the burning of other property besides houses and outhouses is included within the definition, and the offense has always been classified, as to the penalty, with reference to the danger to human life and to the time of its commission, whether by night or day. Prior and up to the passage of Act No. 263 of 1908 the burning at night of a house or water craft in or upon which human beings usually stayed at that time was dealt with by R. S. § 841; the burning in the daytime of house or water craft upon which human beings usually stay at that time was dealt with by R. S. § 842; and the burning of houses, warehouses, sugar houses, churches, water craft, etc., “not embraced or provided for in” sections 841 and 842, was dealt with by section 843 and others.
For the offense denounced by section 841 the penalty originally was death, and it so remained until, by Act No. 188 of 1898, it was changed to imprisonment at hard labor not exceeding 20 years.
For the offense denounced by section 842 the penalty originally was imprisonment at hard labor for not less than 10 nor more than 20 years; and though, by Acts Nos. 151 of 1898 and 126 of 1906, blowing up and attempted blowing up have been added to the offense of burning, etc., no change was made in the penalty prior to the passage of Act No. 263 of 1908. For the setting fire to or burning, as denounced by section 843, the original penalty was imprisonment at hard labor for not less than 7 nor more than 20 years, and that penalty was allowed to remain in the amendment and re-enactment by Act No. 160 of 1898, whereby blowing up and attempted blowing up were added to the *983 offense of setting fire to or burning. The act, as did the re-enacted section, in terms confines its'application to offenses against houses, buildings, water craft, etc., not embraced in the two preceding sections, and the same thing may be said of Act No. 70 of 1914, which differs from Act No. 160 of 1898 only in that it reduces the penalty to imprisonment for not less than 1 nor more than 20 years, and has no repealing clause, while the act of 1898 has one identical in terms with that of Act No. 263 of 1908. Act No. 123 of 1918 amends and re-enacts section 843, as amended by Act No. 70 of 1914, so as to make it read as follows:
“See. 843. * • * Every person who shall willfully or maliciously set fire to or burn, or attempt to set fire to or burn, any dwelling house, outhouse, stable, * * * or any other building or house, or any vessel * * * or water craft, shall upon conviction, suffer imprisonment at hard labor for not less than one year nor more than twenty years.”
Act No. 108 of 1918 amends Act No. 263 of 1908 by providing a death penalty for the offense of blowing up or attempting to blow up any house, building, etc., “in or upon which human beings are customarily found.’’ It will be seen that, where the intention of tbe General Assembly of 1918 was to legislate upon the subject of arson against property in or upon which human beings are customarily to be found, it addressed its legislation to the amendment of Act No. 263 of 1908, which deals exclusively with that subject, and that, where it was the intention to legislate concerning the offense of arson, as relating to property not embraced in the provisions of sections 841 and 842 (i. e., property in or upon which human beings are not customarily to be found, either in the nighttime or by day), the legislation is directed to the amendment of section 843, which deals with that aspect of the offense. It seems not unreasonable to suppose, therefore, that the acts (108 and 123 of 1918), which appear to have been offered by the same member of the House of Representatives, were drawn with the intelligent purpose of keeping the law punishing arson in cases where human life is involved separated, as it always had been, from that where property alone was at stake, and not to confuse the one with the other.
What has thus been said is equally applicable to, and is further emphasized by, the facts that R. S. § 845, which contains no reference to property where human beings are customarily found, has been amended by Acts Nos. 161 of 1898 and 107 of 1918, and that they are equally silent upon that subject. The learned counsel call attention to the introduction into Act No. 123 of 1918 of the words “dwelling houses,” but, as a dwelling house may be untenanted, as well as a store, or other building, we can see no reason why a penalty should not be prescribed for setting it on fire or blowing it up while in that condition and an excellent reason why such provision should be made, since an untenanted dwelling can hardly be said to fall within the provisions of Act No. 263 of 1908.
Our conclusion is that Act No. 123 of 1918 has no application to the crime with which defendant is charged, and that there was error in the ruling quashing the indictment. The judgment appealed from is therefore annulled, and the case is remanded to the district court, to be there proceeded with according to law and to the views expressed in the foregoing opinion.