THOMPSON, J.
 

 The relator pleaded guilty to driving an automobile on the streets of the city of New Orleans while under the influence of intoxicating liquor.
 

 He was sentenced to pay a fine of $500 and to serve six months in the parish prison, and in default of paying the fine, to serve six months additional.
 

 After having served a small part of the term of imprisonment,' the relator applied to the criminal-district court for a habeas corpus and to be finally discharged from imprisonment ánd relieved from the payment of the fine.
 

 The application for discharge was based on the contention that at the time the information was filed there was no state statute making it an offense to drive an automobile in a drunken condition on the streets of the city.
 

 In other words, that Act 22 of 1926 under which relator was prosecuted was repealed and superseded by Act 296 of 1928.
 

 The district judge found it unnecessary to determine the question as to whether the later act superseded the earlier one, for the reason that the violations of the earlier statute were expressly excepted from the operation and effect of the last statute. He therefore dismissed the proceeding.
 

 The relator thereupon applied to this court for relief, based on the same contention as that made in the lower court.
 

 Act 22 of 1926 makes it a misdemeanor to operate any motor vehicle upon the highways of the state or upon the streets of any city, town, or village while in an intoxicated condition.
 

 This statute was in force when the offense charged against the relator was committed. The information was filed, however, after Act 296 of 1928 had become effective.
 

 Section 3 of title 2 of the last-mentioned act declares that “it shall be unlawful * s= * f0r any person * * * who is under the influence of intoxicating liquor * * * to drive any vehicle upon any highway within this state,” and section 76 authorizes a penalty of not less than $100 nor more than $1,000, and an imprisonment of not less than 30 days nor more than one year.
 

 The repealing clause of this act does not
 
 *260
 
 expressly repeal the Act 22 of 1926, but re-' peals only those laws or parts of laws in conflict with its provisions. There is a provision, however, which declares “that the terms, provisions, and penalties imposed’by this act shall not be' deemed or construed to apply to any municipality or incorporated town or city of more than 15,000 inhabitants, when such incorporated town, city or municipality shall have heretofore adopted or shall hereafter adopt any ordinance or ordinances regulating or controlling traffic within the limits thereof.”
 

 The city of New Orleans has a much greater population than 15,000, and it is in evidence that the city has an ordinance or ordinances regulating or controlling traffic within the city limits.
 

 If, therefore, the act of 1928 does not apply to the city of New Orleans, then it would seem that the act of 1926 was not affected, and is still in force and effect so far as concerns prosecutions for its violation in the said city.
 

 We shall not attempt, however, to decide that question in this case. It will be time enough to do so when a case is presented for such a decision.
 

 • Whatever may be said with respect to the repeal of the act of 1926, it is perfectly apparent that the Legislature did not intend that the act of 1928 should relieve from prosecution and punishment those who had violated the earlier act before the later act became effective.
 

 The later statute not only excepted pending prosecutions from its provisions, but expressly provided that any violation of existing laws shall not be affected, and that the prosecution therefor shall be proceeded with under the terms of existing laws in force at the time of the taking effect of the said act.
 

 Eor the reasons assigned, the relief sought is denied, and relator’s ápplication is dismissed.