189 So. 112

**STATE v. WILLIAMS.**

No. 35250.

May 1, 1939.

Madison, Madison & Files, of Monroe, for appellant.

David M. Ellison, Atty. Gen., James O'Connor, First Asst. Atty. Gen., and Frank W. Hawthorne, Dist. Atty., and George W. Lester, Asst. Dist. Atty., both of Monroe, for the State.

O'NIELL, Chief Justice.

The defendant is appealing from a conviction and sentence for violating Act No. 188 of 1936. He is convicted of injuring a person by the operating of an automobile, while in an intoxicated condition.

The act of 1936 was repealed and superseded by Act No. 320 of 1938. The defendant, therefore, after being convicted but before being sentenced, filed a motion in arrest of judgment. The motion was overruled, and a bill of exception was reserved to the ruling. The question presented by the bill is whether the right of the State to prosecute the defendant for a violation of the act of 1936. was reserved in the repealing clause in the act of 1938. The repealing clause in the act of 1938 is as follows:

· "That the provisions of this Act shall repeal Act 132 of 1922, as amended by Act

78 of 1924, Act 48 of 1926, and Act 188 of 1936, but same shall in no way be construed as affecting the right to prosecute for manslaughter where death ensues. This Act shall in no way affect pending prosecutions in the Courts of this State, or violations under Act 48 of 1926 and Act 21 of 1932."

It is argued for the appellant that the saving clause in the act of 1938 saved only the right to prosecute for violations of Act No. 48 of 1926 and Act No. 21 of 1932, and not the right to prosecute for violations of Act No. 188 of 1936, even in cases where the prosecution was pending at the time when the act of 1938 went into effect. It is argued also for the appellant that there was no "pending prosecution" of him at the time when the act of 1938 went into effect, and hence that the right of the State to prosecute him was not reserved by the declaration in the act of 1938, which repealed specifically the act of 1936, that it should not "affect pending prosecutions."

The facts relating to the question whether this prosecution was a "pending prosecution" at the time when the act of 1938 went into effect are not disputed. Soon after the occurrence for which the defendant is being prosecuted, and on the same day, an assistant district attorney made an affidavit against the defendant, charging him with the crime for which he is being prosecuted; and on that day a warrant was issued for his arrest, and he was arrested and confined in jail, and was released on bond. The judge of the district court was

obliged to approve the bond before the defendant could be released from custody, because the surety on the bond was not a resident of the parish in which the crime was charged; and the judge did approve the bond. All of these proceedings were had before the act of 1938 was adopted; but no further proceeding was had until the defendant was indicted by the grand jury; at which time the act of 1938 had gone into effect.

 Counsel for the appellant argue that there could not be a "pending prosecution" without a bill of indictment or bill of information against him, because it is declared in Section 9 of Article 1, being the Bill of Rights, in the Constitution: "Prosecution shall be by indictment or information; but the Legislature may provide for the prosecution of misdemeanors on affidavits." The offense charged in this case is a felony, not a misdemeanor; hence the prosecution could not have proceeded without there being an indictment or a bill of information at the appropriate stage in the proceedings. But the constitutional guaranty that "Prosecution shall be by indictment or information" does not mean that it requires an indictment or a bill of information to mark the beginning of a prosecution, or that there cannot be a "pending prosecution" until there is an indictment or a bill of information. A prosecution consists of the series of proceedings had in the bringing of an accused person to justice, from the time when the formal accusation is made, by the filing of an affidavit or a bill of indictment or information in the criminal court, until

the proceedings are terminated. State v. Williams, 34 La.Ann. 1198; Tennessee v. Davis, 100 U.S. 257, 269, 25 L.Ed. 648, 652; 2 Words and Phrases, First Series, p. 1283, citing Georgia v. Bolton, C.C., 11 F. 217; Vol. 6, Words and Phrases, First Series, p. 5737, citing Territory v. Nelson, 2 Wyo. 346, 352; 2 Words and Phrases, Third Series, p. 713, citing Schneider v. Schlang, 159 App.Div. 385, 144 N.Y.S. 543. In the latter case it was held:

"The mere application for the issuance of a warrant on a criminal charge is a 'criminal prosecution,' and may form the basis of an action for malicious prosecution, even though the accused be not arrested."

The question presented here was decided in State v. Williams, 34 La.Ann. 1198, with reference to Article 5 of the Constitution of 1879, which declared that prosecutions should be by indictment or information,—and with reference to Article 130, which provided for the allotment of "all prosecutions instituted in" the Criminal District Court for the Parish of Orleans. The case against Williams, for burglary and larceny, was allotted to one of the judges before the bill of information was filed; hence the defendant contended that the allotment was made before there was a "prosecution instituted in" said court", and therefore that the allotment did not confer jurisdiction upon the judge to whom the case was allotted. But it was held that the prosecution was "instituted in said court" as soon as the affidavit and other proceedings before the committing magistrate were filed in the criminal dis-

trict court in which the prosecution was to be proceeded with. The court said:

"Counsel argues that the meaning attached to the word 'prosecution' in the Constitution, is indicated by Art. 5, which provides that 'prosecutions shall be by indictment or information,' etc., and hence he concludes that before indictment or information, there can be no prosecution instituted for the purpose of being 'apportioned' [allotted].

"We think that this is too narrow a defition of the word 'prosecution,' which is defined to be 'the means adopted to bring a supposed offender to justice and punishment by due course of law.' Bouvier, p. 396.

"Under our system of criminal law, a prosecution has several phases or steps of proceeding: the first being usually an affidavit or charge; next a warrant of arrest, and so on through the hands of the committing magistrate, whose committal [commitment] transfers the prosecution to the proper criminal court, where it undergoes the other phases of presentment, arraignment, trial and conviction or acquittal.

\* \* \* \* \* \*

"The inception of the prosecution before the criminal court dates from the day that the affidavit and other proceedings coming from the committing magistrate are filed or returned into the criminal court.

\* \* \* \* \* \*

"If the proceedings had before the committing magistrate are not a 'prosecution' in the legal sense, where would be the

authority for detaining the accused in legal custody, or what would be the legal value of the bond furnished by the accused for his appearance before the Criminal Court?"

■■ Our conclusion, therefore, is that there was a "pending prosecution" against the defendant in this case at the time when Act No. 320 of 1938 repealed and superseded Act No. 188 of 1936, and at the same time declared: "This Act shall in no way affect pending prosecutions in the Courts of this State, or violations under Act 48 of 1926 and Act 21 of 1932." That means that the repealing clause in the act of 1938 did not affect pending prosecutions under any previous statute, or prosecutions for violation of Act No. 48 of 1926 or Act No. 21 of 1932,—whether such prosecutions under either of these statutes were then pending or were not yet commenced when the act of 1938 was adopted. We do not know why the act of 1936, which was repealed specifically by the act of 1938, was not mentioned again in the saving clause, along with Act No. 48 of 1926 and Act No. 21 of 1932. The act of 1932 is a very long and comprehensive act regulating traffic on the public highways, et cetera, and it was not repealed or intended to be repealed by Act No. 188 of 1936 or by Act 320 of 1938. Act No. 48 of 1926 was repealed, specifically, by Act No. 188 of 1936,—with exactly the same saving clause that was repeated in Act No. 320 of 1938. Hence we do not know why the act of 1926 should have been declared repealed again by the act of 1938. The act of 1926 was similar to Act No. 132 of 1922 (which was amend-

ed by Act No. 78 of 1924), and was similar to Act No. 188 of 1936 and Act No. 320 of 1938. Act No. 132 of 1922, as amended by Act No. 78 of 1924, was declared repealed in the repealing clause in Act No. 48 of 1926. Hence we do not know why the act of 1922, as amended by the act of 1924, was declared repealed again in the repealing clause in the act of 1936, and again in the repealing clause in the act of 1938. But it matters not what reason the Legislature had for wording the repealing clause in the act of 1938 as it is worded. The important fact is that, according to the precise language of the saving clause in this act, the repealing clause did not "affect pending prosecutions" under any previous statute, or affect prosecutions under the act of 1926 or the act of 1932, whether the prosecutions under either of these two acts were then pending, or not yet commenced, when the act of 1938 was adopted. The failure to mention the act of 1936, in the saving clause in the act of 1938, merely deprived the State of her right to prosecute anyone who had violated the act of 1936, if the prosecution was not already pending when the act of 1938 was adopted.

It is possible, of course, to construe the saving clause in the repealing clause of the act of 1938 so that the Legislature, perhaps by inadvertence, saved only the right of the State to prosecute violators of the act of 1926 or of the act of 1932, and not the right to prosecute a violator of the act of 1936, even though the prosecution was pending when the act of 1938 was adopted. But that construction is not only out of harmony with the letter of the law but is also violative of its spirit; because it is certain that the Legislature did not intend that the "pending prosecutions" under the act of 1936 should be abated by the repealing clause in the act of 1938. We say this, because the act of 1938, in its title and in every section, is a literal copy of the act of 1936, with the addition of a section providing that all fines and forfeitures of bail of any person charged with a violation of the act shall be deposited in the Treasury of the State to the credit of the General Highway Fund. It is obvious, therefore, that the only object or purpose, and the only effect, of the act of 1938 was to make this provision for the benefit of the General Highway Fund. It was not intended that the act of 1938 should cause an abatement of all pending prosecutions under the act of 1936,—all of the provisions of which are retained, literally, in the act of 1938.

█ █ On the trial of the motion in arrest of judgment the State introduced in evidence, without any objection on the part of counsel for the defendant, the affidavit and other proceedings had in this case previous to the adoption of Act No. 320 of 1938. Counsel for the defendant argue now that that evidence should not be considered, because a motion in arrest of judgment cannot prevail unless the error complained of is apparent on the face of the record. It is argued that the record in this case begins with the indictment, and hence that the proceedings had previous thereto are not a part of the record. Our opinion, on the contrary, is that the record

of the proceedings had in this prosecution includes the affidavit, the warrant of arrest, the commitment, the appearance bond, and the order of the judge approving the surety on the bond. The judge took cognizance of these proceedings by approving the bond; hence we doubt that it was necessary to introduce that part of the record in evidence on the trial of the motion in arrest of judgment. But the introducing of that part of the record in evidence did no harm. It was already before the court, and it showed that the motion in arrest of judgment was not well founded.

■ There are two other bills of exception in the record. One of the bills has reference to the fact that the judge allowed 28 hours to elapse from the time when the arguments were closed to the time when the judge delivered his charge to the jury; and the other bill has reference to the fact that during this interim one of the jurors served as a juror in the trial of another case. The judge explains in his per curiam that when the attorneys closed their arguments before the jury, he deemed it necessary to take time out, so to speak, in order to prepare his charge to the jury. Of course it is better for the presiding judge in a criminal prosecution to give his charge to the jury immediately after the attorneys end their arguments, and while the facts are fresh in the minds of the jurors; hence an unusual intermission between the arguments of the lawyers and the charge of the judge would not be sanctioned. But there is no showing in this case that the time which elapsed was more than was necessary for the judge to prepare his charge, or that the defendant suffered any disadvantage by the delay. Article 394 of the Code of Criminal Procedure allows a judge in the trial of a case not capital to permit the jurors to separate at any time before the judge delivers his charge. In this case when the judge allowed the jurors to disband he instructed them that they should not discuss the case among themselves or allow any one to discuss it with them. We assume that these instructions were obeyed. The fact that one of the jurors who was impaneled for the trial of this case served on the jury in another case before this case was submitted to the jury presents a novel cause for complaint, but, without any showing that the defendant in this case suffered a disadvantage by the juror's serving on the jury in the other case before deciding this case, we have no authority or precedent for setting aside the verdict.

The verdict and sentence are affirmed.