McBRIDE, Judge.
Paul Ryman owns the building 2810 Napoleon "Avenue in which there are twenty-four dwelling or housing units; ' The City of New Orleans sued out an - injunction against -Ryman- restraining him from using the premises for more than four apartments and dwelling units designed for and occupied by four independent families. In its petition for the injunction the city alleged that the defendant had .violated the provisions of Ordinance 11,302, C.C.S., as amended, Section 4(2) of which, prohibits any building or premises in the area in which Ryman’s property is located, from being utilized for multiple dwellings designed for or occupied by more than four families. On the trial of the case the evidence showed that twenty-four different tenants occupied the twenty-four rental units and that thirty-seven adults and eight children were housed in the building. De7 fendant took -a suspensive appeal from the judgment to the Supreme Court of Louisiana which, finding that it had no jurisdiction, transferred the appeal to us. See 225 La. 1092, 74 So.2d 386.
We find it unnecessary to pass on any .of the issues in the case for the reason that while the matter was pending ón appeal the City of New Orleans saw fit to amend and re-enact Ordinance 11,302, C.C.S., by adopting Ordinance 18,565, C.C.S.
Of course, Ordinance 18,565, C.C.S., is not -before us because when the case was tried below that ordinance was not in existence and therefore, it does not form part of the evidence in the case. It is conceded by counsel for both parties that Ordinance 18,565, C.C.S., supersedes the prior ordinance, and we believe we are privileged to take cognizance that there is such an ordinance as the fact is not denied. City of New Orleans v. Metropolitan Bank, 44 La. Ann. 698, 11 So. 146.
It likewise seems to be conceded that Ordinance 18,565, C.C.S., changes the classification of the district'in which 2810 Napoleon Avenue is located to what is termed M-2 Medical Service District, and the provisions of Section 2(1) of Article XIII of the ordinance authorize multiple family dwellings without limitation as to number within such district.
It also seems to be conceded that the defendant, under the provisions of the latest ordinance, may rightfully operate more than four apartments; the City Attorney does not deny that defendant, depending on the extent of the ground area his building occupies, is authorized to maintain as many as nine apartments.
So, therefore, there is before us an injunction which prohibits the defendant from maintaining more than four apartments in his building, while under the prevailing ordinance he might have the absolute right to maintain a greater number than four, if not all twenty-four. We cannot tell. Therefore, it seemingly would be anomalous to perpetuate the injunction by affirming the judgment thus enjoining the defendant from doing an act which he might legally do because of the change in the ordinances above mentioned.
It is well settled that if the law on whi-ch a judicial proceeding is founded is repealed or superseded by a statute enacted while the proceeding is pending in court, the proceeding is thereby abated. Todd v. Landry, 5 Mart.,O.S., 459, 12 Am.Dec. 479; State v. Johnson, 12 La. 547; Cooper v. Hodge, 17 La. 476; Frey v. Hebenstreit, 1 Rob. 561; Doss v. Board of Commissioners of Mermentau Levee District, 117 La. 450, 41 So. 720; Hymel v. Central Farms & Shipping Co., Inc., 183 La. 991, 165 So; 177; Western Union Telegraph Co. v. Louisville & Nashville R. Co., 258 U.S. 13, 42 S.Ct. 258, 66 L.Ed. 437; United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510.
However, we believe, in view of the circumstances surrounding the case the matter should be remanded to the district court for the purppse of receiving the new ordinance in evidence and to determine from a factual standpoint whether defendant’s building violates its provisions, to the ultimate end that the trial judge might issue the proper injunction or such other orders or judgments which the contingencies of *575 the case require. This remand will require the setting aside of the judgment which has been appealed from.
Article 906, Code of Practice, grants an appellate court the discretion to remand a case wherever such action is consonant with the ends of justice. This article very plainly authorizes a remand not only where the parties have failed to adduce the necessary evidence or where the inferior court has refused to receive it, but it also uses the words “or otherwise” plainly indicating that a cause may be remanded for any other reason which the appellate court may deem sufficient. McClung v. Delta Shipbuilding Co., Inc., La.App., 33 So.2d 438. A case may ,be remanded not only on a new question of fact but on a new question of law as well. City of New Orleans v. Grosch, La.App., 49 So.2d 435.
We are cognizant that Ordinance 18,565, C.C.S., contains express provisions to the effect that all pending suits and/or all prosecutions resulting from the violation of any zoning ordinance theretofore in effect are not to be construed as abated, abandoned or dismissed. Where there is such a saving clause in a repealing or super-? seding statute, prosecutions for offenses committed while the prior statute was in force are not affected. 22 C.J.S., Criminal Law, § 27, p. 81; State v. Williams, 192 La. 713, 189 So. 112, 122 A.L.R. 665; State v. Kelley, 168 La. 257, 121 So. 762; State v. Allison, 146 La. 495, 83 So. 778. But this is not a criminal proceeding. We cannot go so far as the City Attorney would have us and hold that the saving clause preserves the injunction which had been rendered in the court below. To so hold would be to invade a valuable property right of defendant as it is possible he would stand enjoined from using his property for the same purposes other persons might utilize theirs.
There is no valid reason why a case of this kind should not be remanded when the municipality, pending the suit, has adopted another ordinance which apparently authorizes the property owner to do that which the municipality has previously enjoined him from doing. See State ex rel. Holcombe v. City of Lake Charles, 175 La. 803, 144 So. 502.
The-judgment appealed from is set aside and the case is now remanded to the district court to be proceeded with in accordance with law and consistent with the views which we have expressed above. The question of the assessment of costs is to await a final determination of the case.
Reversed and remanded.