91 So.2d 5

**STATE of Louisiana**

v.

**Spencer COOPER, Sr.**

No. 43006.

Nov. 5, 1956.

———◆———

Robert T. Rester, Bogalusa, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., James T. Burns, Dist. Atty., Covington, W. W. Erwin, Asst. Dist. Atty., Franklinton, for appellee.

SIMON, Justice.

Spencer Cooper, Sr., has appealed from his conviction and sentence in the Bogalusa City Court, Juvenile Division, Washington Parish, of having intentionally refused and neglected, without just cause, to provide for the support of his minor child, who is in necessitous circumstances. His sentence of twelve months' imprisonment was suspended, conditioned upon his paying a designated sum for the maintenance and support of said child.

Seven bills of exception were reserved during trial. All have been abandoned except Bills of Exception Nos. 6 and 7, upon which defendant relies for the reversal of the said conviction and sentence.

The record discloses that the defendant was charged in the Juvenile Court in and for the City of Bogalusa by affidavit made and signed by his wife, the complaining witness, and sworn to before the clerk of Bogalusa City Court, with criminal neglect to support his minor child. A plea of "Not guilty" was entered, and after trial he was adjudged guilty of said charge. After rendition of the verdict, but prior to sentence, defendant filed a motion in arrest of judgment, contending that the affidavit on which this proceeding was founded, having been signed and executed by the complaining witness before the clerk of said city court, was null and void on its face, it not conforming to the procedure prescribed by LSA–R.S. 13:1573 for proceedings against an adult in a juvenile court. This motion was overruled, and Bill of Exception No. 6 was reserved.

Pertinent provisions of LSA–R.S. 13: 1573 are as follows:

"In the trial of adults coming within the jurisdiction of the juvenile court, the proceeding shall be in the same manner and subject to the same rules of procedure, evidence, etc., as the trial of an adult on a misdemeanor charge in any other court of criminal jurisdiction * * *.

"Proceedings against adults in said courts may be: (1) by affidavit of a district attorney or any committing magistrate; or, with the approval of the district attorney, by affidavit of a probation officer, and when made by a district attorney, a committing magistrate, or probation officer may be on 'information and belief,' or (2) by bill of information."

The State contends that defendant waived any statutory right to compel the affidavit to be in accordance with LSA–R.S. 13:1573, not having filed, before trial, a motion to quash. Further, the State denies that LSA–R.S. 13:1573 provides the exclusive method by which an adult may be charged in a juvenile court, but contends that procedural rules prescribed by our Criminal Code can be properly and effectively used in such proceedings. This contention is untenable. Definite laws applicable to cases of this kind have been enacted by the Legislature.

By virtue of the Constitution of 1921, Article 7, § 52, LSA, a juvenile court was created for every parish of the state. Except as otherwise provided, the judges of the district court were made ex officio judges of the juvenile court for the parish or parishes within the district, in all cases where the Legislature has not established separate juvenile courts. Where there exists a city court created under the provi-

sions of section 51 of Article 7 of the Constitution, the judge of said city court was made ex officio judge of the juvenile court within his jurisdiction, the said court to have jurisdiction concurrently with that of the district court and to have all the powers now conferred on judges of the district court as judges of the juvenile court.

This constitutional article and section provides in definite terms the jurisdiction of juvenile courts in all cases of the State of Louisiana in the interest of children under seventeen years of age, as may be provided by the Legislature, and of the trial of all persons charged with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral or mental well-being of children under seventeen years of age, not punishable by death or hard labor, and in all cases of desertion or nonsupport of children under seventeen years of age by either parent.

This article and section empowered the Legislature to regulate the manner of conducting all proceedings in said juvenile courts, providing, further, that proceedings in said courts "are not required to be instituted by bill of indictment or information, and may be by affidavit, or, except in proceedings against adults, may be on petition."

Pursuant to the aforestated authority, the Legislature enacted general laws establishing and regulating juvenile courts. LSA–R.S. 13:1561 to 13:1592. LSA–R.S.13:1573

specifically outlines the procedure to be observed in instituting proceedings against *adults* in juvenile courts of this state.

The pertinent part of this statute as affecting proceedings against adults demands that such proceedings be instituted by an affidavit of a district attorney or any committing magistrate, or, a probation officer, the latter with the approval of the district attorney. The permissive and discretionary word "may", as used in this statute, obviously refers to the procedural method to be observed in instituting prosecutions against adults, i. e., (1) by affidavit made by persons named therein, and (2) by bill of information filed by a district attorney. Manifestly, it was never intended that such prosecutions against adults were to be initiated by affidavit made by persons other than those prescribed in said statute.

An examination of the affidavit complained of shows that it was signed and executed by the complaining party and attested before the clerk of the city court. Under the circumstances, the affidavit is fatally defective and an absolute nullity upon which no prosecution can be validly conducted.

The motion in arrest of judgment filed by defendant is required to be directed against errors, substantial defects, illegality or irregularity apparent on the face of the record and not to defects which appear only by the aid of testimony.[1] State v. Brown, 111 La. 170, 35 So. 501; State v. Pitre, 169 La. 559, 125 So. 617; State v. Oliver, 193 La. 1084, 192 So. 725; State v. Ware, 228 La. 713, 84 So.2d 56. It is well settled that the affidavit in any given criminal case under which a prosecution is conducted is an integral part of the face of the record. State v. Williams, 192 La. 713, 189 So. 112, 122 A.L.R. 665.

Having concluded that Bill of Exception No. 6 is well taken, our disposition thereof eliminates the necessity of considering the validity of the remaining bill of exception herein presented.

Accordingly, for the reasons assigned, the conviction and sentence herein are annulled and set aside, and the defendant is discharged.

---

1. LSA–R.S. 15:503: "An error is patent on the face of the record when it is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence, though such evidence be in the record."

LSA–R.S. 15:517: "A motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record."