3 So.2d 542

**STATE v. GUIDRY.**

No. 36169.

June 30, 1941.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., L. O. Pecot, Dist. Atty., of Franklin, and Minos H. Armentor, Asst. Dist. Atty., of New Iberia, for the State, plaintiff and appellee.

Richard Kennedy, of Lafayette, for defendant and appellant.

FOURNET, Justice.

The defendant, Willie Guidry, having been convicted under an indictment charging him with an assault upon the prosecutrix with intent to rape her and having been sentenced to eighteen months at hard labor in the penitentiary, prosecutes this appeal, relying for the reversal of his conviction and sentence upon four bills of exception.

We were not favored with either an oral argument or written brief in defendant's behalf, but a review of the record reveals that the prosecutrix, who had worked for the accused and his wife approximately a year and had just severed her connections with them, telephoned their place of business (a night club) at about six in the morning to ask that relatives calling for her at the club be informed of her place of residence and that the wages due her by the accused's wife be sent her there also. Within an hour after this telephone conversation the accused called twice at the boarding house where the prosecutrix was staying, speaking to her personally on the occasion of the second visit. After this conversation, which took place in the hallway of the boarding house at the foot of the stairs, the prosecutrix turned to her landlady standing at the top of the stairs, informed her that she was going with the accused to the night club for the purpose of securing the wages due her, and would

return in a few minutes. Instead of taking her to the club, the accused increased the speed of his car as he approached the club (passing the same when the prosecutrix called the increased speed to his attention) and told her that he had no intention of taking her to the club to collect her wages, having used that only as an excuse to get her out alone. The accused then turned into a side dirt road, stopped his car, and attempted to rape the prosecutrix. She jumped from the car and ran down the road in the direction of a filling station some way back, being followed by the accused, who lifted her bodily and took her back to the car screaming. Her screams attracted the attention of the filling station attendant, who immediately called the police. In the meanwhile the accused, with the prosecutrix in the car, proceeded further up the dirt road, stopping his car on the other side of railroad tracks, where he again undertook to carry out his nefarious scheme. Only the continued struggles of his intended victim and the prompt arrival of the police caused the accused to desist, turn his car around, and speed from the place (pursued unsuccessfully by the police), taking the prosecutrix finally to the home of a friend of hers at her request. At this place, because of the condition of her body and clothing, it was necessary for her friend to place a robe about her in order that she could leave the car and enter the house. From there the prosecutrix returned to her boarding house in a taxi, from which place, after having been quieted by sedatives given her by her landlady, she later went to the office of the City Judge and filed charges against the accused.

Guidry was subsequently apprehended in Lafayette.

▮▮▮ The first bill of exception was reserved to the ruling of the trial judge in permitting the prosecutrix to state, during the course of her testimony, that she had told her landlady in the presence of the accused, and upon leaving the boarding house immediately before the crime was committed, she was " * * * going with Mr. Guidry to get my money that his wife owes me at his place of business; I will be gone a few minutes."

This statement, and the questioning leading up to it, was objected to on the ground that it was hearsay evidence and for the further reason that it had not been sufficiently proved or shown that the accused was withing hearing at the time the statement was made.

The trial judge properly overruled the objection of the accused's counsel for it appears from the testimony of the prosecutrix that the statement was made in the presence and hearing of the accused. This fact was conclusively shown, as pointed out by the district judge, by the testimony of the accused himself for he admitted on the witness stand that the statement was made in his presence. He denied the statement only as to the correctness thereof, contending he did not mention wages but said, instead, that they would have a settlement of accounts.

This was a statement of fact, made in the presence and hearing of the accused, showing the conditions under which the prosecutrix left her boarding house with

the accused and was, consequently, a necessary link in the chain of evidence disclosing the scheme used by the defendant to lure the prosecutrix from her place of residence. It was not only material and relevant, therefore, but did not fall into that category of evidence subject to the hearsay rule.

■ The next bill of exception is reserved to the trial judge's ruling in permitting the taxi driver, who took the prosecutrix from the home of her friend, where the accused had driven her when pursued by the police, to her boarding house, to testify as to the condition of the prosecutrix's clothes and person. It is the contention of the defendant that the witness, not having been present at the occurrence of the alleged offense, could not testify because the evidence sought to be introduced by the testimony (1) did not form a part of the res gestae, (2) was immaterial and irrelevant, and (3) called for the opinion of the witness.

The record shows that prior to the testimony objected to the state had offered the evidence of the friend to whose home the accused had taken the prosecuting witness, and that this friend had testified, without objection on the part of the counsel for the accused, to the condition of the prosecutrix's clothes. The matter about which the taxi driver was testifying being one of personal observation, his statements were clearly admissible to corroborate the testimony of the friend. In addition to this, the testimony was a statement of existing facts as observed by the witness and could not, therefore, be considered as calling for the opinion of the witness, being, rather, another link in the chain of evidence supporting the charge brought against the accused. Furthermore, as pointed out by the trial judge in his per curiam to this bill of exception, " * * * the accused, on direct examination, in reviewing what had transpired from the time the prosecuting witness left her lodging house with him until he returned her to the home of this girl friend, voluntarily stated to the jury that the clothes of the prosecuting witness had been torn to a considerable extent. That this had happened when he caught her dress in an effort to keep her from falling out of the car which was then in motion. This explanation of how the clothes of the prosecuting witness became torn, as opposed to that given by the prosecuting witness herself, was not accepted by the jury as being worthy of credence."

We therefore conclude that the trial judge properly overruled the objection to this testimony.

■ The third bill of exception was reserved to the trial judge's refusal to maintain the objection made to the following question asked the accused, under cross-examination, by the state's counsel: "When you left Mrs. R——'s house, where did you go that morning?" This question was objected to by the defendant for the reason that by it "the state seeks to elicit testimony relative to matters after the time of the alleged offense; that anything that the accused, the witness in this case, may state with reference to his actions after the time of the alleged offense can only serve

to prejudice him; that, therefore, such question is prejudicial, inadmissible, and irrelevant."

The trial judge correctly disposed of the contentions raised in this bill of exception in his per curiam, from which we quote as follows: "The evidence disclosed that on dropping the prosecuting witness at the home of this girl friend referred to in Bill of Exception No. 2, the accused drove his car to his place of business, a night club operated on the outskirts of New Iberia, and after a few hours drove to the City of Lafayette, where he was subsequently arrested by officers of that city. In propounding the foregoing question the State's purpose was to contradict the accused wherein he stated in direct examination that he had remained in the city of New Iberia. This question under cross-examination was an effort to have him admit the true facts in that he had left the city of New Iberia for the purpose of evading arrest. The accused having detailed all of his movements under direct examination preceeding, at the time, and subsequent to the alleged crime, the State was fully justified, under cross-examination, to propound questions regarding these movements at an end to show a contrary state of facts as testified to on direct examination."

The last bill of exception was reserved to the ruling of the trial judge in refusing defendant's motion for a new trial, which motion was based upon the three bills of exception above disposed of and the usual allegation that the verdict of the jury was contrary to the law and the evidence; con-

sequently, it presents nothing further for us to review.

For the reasons assigned, the conviction and sentence are affirmed.