HAMLIN, Justice.
The defendant was charged by bill of information with having committed simple burglary on January 22, 1961, of the building and structure No. 1819 Esplanade Street, New Orleans, Louisiana, Apartment 1, belonging to Mrs. Carolyn Balsh. From his conviction and sentence to imprisonment in the State penitentiary at hard labor for three years, he appeals to this Court, posing for our consideration five bills of exceptions reserved during the course of trial.
Bill of Exceptions No. 1 was reserved to the trial court’s overruling the objection of counsel for the defendant to the court’s ruling that a certain line of interrogation by counsel for the defendant was improper and without relevancy or materiality.
During direct examination, Officer Desiree Bergeron, who investigated the alleged crime, testified that when he was outside of the victim’s premises broadcasting a description of the accused (almost immediately after the commission of the alleged crime), two traffic officers arrived on the scene with the defendant. Officer Bergeron stated that, “One thing I noticed immediate *387 ly. It was pretty chilly morning and this man was sweating around the forehead. I have a habit whenever I pick-up someone that might be involved in a crime that would have to run from the scene, I place my hand over their heart and see if it is beating rapidly, and his heart was beating very rapidly.” When asked about the defendant’s breathing, the officer responded that he was breathing “very heavy.”
On cross-examination of Officer Berger-on, counsel sought to establish that any apparent excitement on the part of the defendant at the moment of his arrest could have been caused by the fact that the defendant had never been arrested. This testimony in connection with the trial judge’s ruling recites:
“Q. Did you investigate as to this man’s past record, if any ?
“A. Well * * *
“BY THE COURT:
“I am not going to permit that to be gone into. Mr. Fust[1] I am going to observe this to you. I hope that you are motivated by the proper motives, but that is absolutely and definitely and positively irrelevant and immaterial and if you can do that in other courts, you can’t do it in this court.
"BY M!R. FUST:
“Will the court hear what I want to show * * *.
“BY THE COURT:
“I am not going to hear one single solitary thing on that question. I don’t want to hear any argument. Take your bill of exception.
“BY MR. FUST:
“To which ruling of the Court * * *.
“BY THE COURT:
“You were trying to do indirectly what you can’t do directly.
“BY MR. FUST:
“ * * * Object and reserve a bill of exceptions * * *.
“My next question might give you the reason why I asked this question.
“Q. You stated that it is your custom to examine a man by putting your hand over his heart and finding out whether it is beating hard, rather rapidly, and observing whether he is breathing hard, and seeing whether he is perspiring * * *.
“BY THE COURT:
*389 “So what. I know if I tried to run any distance at my weight I would be breathing pretty hard and I wouldn’t have any burglarious intent.
“BY MR. FUST:
“Your Honor I believe it is relevant.
“BY THE COURT:
“Now Mr. Fust * * *.
“BY MR. FUST:
“It’s relevant.
“BY THE COURT:
“I don’t think so and I am the umpire. You will play by my rules.
“BY MR. FUST:
“I have to play by your rules, but it is relevant.
“BY THE COURT:
“Everybody plays by my rules and my interpretation and it is my interpretation that that is irrelevant.
“BY MR. FUST:
“I will play by your rules but that doesn’t mean that you are right.
“BY THE COURT:
“You will try your case like everybody else.
“EXAMINATION RESUMED BY MR. FUST:
“Q. Did this man seem very excited?
“A. He was.”
The trial judge’s per curiam to Bill of Exceptions No. 1 states:
“From the foregoing it appeared that defense counsel was seeking to establish an explanation for the excited condition of defendant at the time of his arrest other than his having run from the burglarized premises when the white female discovered him in her bedroom and sounded the alarm.
“Surely defendant’s past record, even though without blemish, was not relevant as an explanation for his excited condition. Obviously, Officer Berger-on, at the time of the arrest was not cognizant of defendant’s past record whether good or bad, and could only have learned of same sometime after the arrest.
“Immediately after the colloquy, the defense counsel inquired of the witness if he knew ‘anything about his (defendant’s) background.’
“The court declined to permit the witness to reply as the answer to this question would have also been irrelevant.
“ ‘A trial judge must be accorded a wide discretion to determine whether particular evidence sought to be introduced in criminal prosecution is relevant to case.’ State v. Murphy, 234 La. 909, 102 So.2d 61.
*391 “ ‘The excluding of the testimony on the grounds of irrelevancy rests largely in the discretion of the trial judge. State v. Bouvy, 124 La. 1054, 50 So. 849; State v. Walker, 204 La. 523, 15 So.2d 874.’ State v. Martinez, et al., 220 La. 899, 57 So.2d 888.
“The defendant later took the witness stand in his own behalf. While thus afforded an opportunity to either explain the reason for his supposed excitement at the time of his arrest, to deny or refute the testimony of the witness Bergeron on this phase of the case, he did neither.
“The statement contained in defendant’s bill, that he ‘sought to establish that any apparent excitement on the part of the defendant at the moment of his arrest could have been caused by the fact that this was the first time the defendant ever had been arrested for anything,’ does not make relevant, that which at the time of the inquiry was irrelevant.”
Counsel for the defendant contends that the physical condition of the defendant was put at issue by the direct testimony of Officer Bergeron; he argues that he had a right to cross-examine the witness about the testimony, and that he had a right to demonstrate to the jury that any single one of several factors within the then or after-acquired knowledge of the State’s witness could have been responsible for the condition described by- Officer Bergeron.
The testimony elicited from Officer Bergeron on direct examination was factual; it was that of observation and was admissible in evidence. State v. Guidry, 198 La. 154, 3 So.2d 542, 544; State v. Coll, 146 La. 597, 83 So. 844; State v. Anthony, 166 La. 793, 117 So. 921. The evidence sought to be elicited from Officer Bergeron on cross-examination was opinion testimony and was inadmissible under LSA-R.S. 15:463, which provides that a witness (except in certain instances — not herein presented) can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have. See, State v. Hamilton, 124 La. 132, 49 So. 1004.
In a criminal proceeding, the trial judge has the discretion of determining what is and what is not relevant and material evidence; his ruling in this respect will not be disturbed in the absence of obvious error. State v. Di Vincenti, 232 La. 13, 93 So.2d 676; State v. Melerine, 236 La. 929, 930, 109 So.2d 471. The evidence which counsel for the defendant sought to adduce in the instant matter was opinion testimony and was irrelevant and immaterial, and the trial judge was correct in his ruling. We therefore find no abuse of his discretion.
Bill of Exceptions No. 1 is without merit.
*393 Bill of Exceptions No. 2 was reserved to the trial court’s overruling defendant’s motion for a mistrial predicated on the allegation that during his charge to the jury, the trial judge commented on the evidence. LSA-R.S. 15:384.
The record shows that after closing argument by counsel for the State, the trial judge charged the jury and immediately after his charge the following transpired:
“BY MR. FUST:
“If Your Honor please, I think the argument I have can be made outside the hearing of the jury. Your Honor I make a motion for a mistrial for the reason that Your Honor has commented on the evidence which is not allowed under the law.
“And at this time Counsel for the Defendant wishes to object to the charge, a portion of the charge, which portion in which the Court was discussing an unauthorized entry with the intent to burglarize and quoting the Court 'as has been shown in this caseCounsel says that is a comment on the evidence which is prejudicial to his case and we ask for a mistrial. [Emphasis ours.]
“BY THE COURT:
“The motion for a mistrial is denied.
“BY MR. FUST:
“To which ruling counsel for the defense object and reserves a bill.
“BY THE COURT:
“Mr. Fust, the Court takes complete issue with you, no such statement was made by the Court.
“BY MR. FUST:
“Making the court’s complete charge a part of the bill and especially the court’s comment ‘as has been shown in this case,’ when discussing the two requisites of the crime of simple burglary namely, an authorized, an unauthorized entry and the intent to commit a theft or felony therein. And we maintain that that quote is a direct comment on the evidence and that a mistrial should be granted.
“BY THE COURT:
“Of course, Mr. Fust, the court is at complete issue with you. The court did not use any such wording as you say. The court used no such phrase, but I will take care of myself whenever the occasion arises. The court denies the motion for a mistrial.”
When the hearing on defendant’s motion for a new trial (the subject matter of a later bill and hereinafter discussed) was held, Mr. Fust and all twelve jurors testified.[2] In his per curiam to Bill of Exceptions No. 2, the trial judge discusses the *395 testimony given by Mr. Fust and the twelve jurors at the hearing on the motion for a new trial; he sets forth that Mr. Fust testified that he was sure the trial judge used the expression “as has been shown in this case/’ rather than “as must be shown in this case;” he states that at this hearing all jurors were unable to recall that the trial judge made the statement attributed to him by Mr. Fust; he further states:
“On his official oath the court advises Your Honors that most of the charge was read from typewritten instructions prepared by the court and delivered many times in cases involving the crime of simple burglary. The only respect in which the court departed from the written charge was to make the technical portion thereof, more understandable to lay jurors, by the use of examples.
“In the case at bar the court instructed the jury that an unauthorized or illegal entry in the nature of a trespass was an essential ingredient to the crime of simple burglary, * * *. In seeking to make these postulates understandable to the jury, the court gave several examples constituting a trespass upon the property of another as well as those circumstances from which the trial jury might infer or deduce the intention of the trespasser. None of these examples tracked the alleged facts as produced by the state in the case at bar. In concluding a summary of these examples, the court informed the jury that in these suppository cases it would be the duty of the state to prove both components of the crime of simple burglary beyond a reasonable doubt, just as it must be shown in this case. At no time did the court use the expression attributed to it by Mr. Fust,[3] then counsel for the defendant.”
That the trial judge commented on the evidence by making the statement “as has been shown in this case” was alleged by counsel for the defendant. Counsel made no request for a written charge (LSA-R.S. 15:390), nor did he comply with LSA-R.S. 15:391.[4] The trial judge in his per curiam denies that he made the statement; the twelve jurors testified on the hearing of the motion for a new trial that they had no recollection that the judge had made such *397 a statement; the judge’s analysis of the evidence given at the hearing on the motion for a new trial is correct. Under such circumstances, we are constrained to hold that the denial of the trial judge in his per curiam must prevail over the allegation of counsel for the defendant. State v. Lowry, 153 La. 177, 95 So. 596; State v. Kaufman, 211 La. 517, 30 So.2d 337; State v. Michel, 225 La. 1040, 74 So.2d 207; State v. Biegert, 227 La. 1100, 81 So.2d 410; State v. McMullan, 223 La. 629, 66 So.2d 574; State v. Roy, 220 La. 1017, 58 So.2d 323; State v. Jackson, 153 La. 517, 96 So. 53.
Bill of Exceptions No. 2 is without merit.
Bill of Exceptions No. 3 was reserved to the trial judge’s denial of defendant’s motion for a new trial.
As grounds for a new trial, the motion averred in substance: — (1) That the verdict was contrary to the law and the evidence; (2) That there was a lack of proper identification of the accused by the complainant; [5] (3) That the trial court committed prejudicial error when it refused defense counsel the right to question Officer Desiree Bergeron as to the question of excitement on the part of the accused; and, (4) That the trial court committed prejudicial error under the Fourteenth Amendment to the United States Constitution when it overruled trial counsel’s motion for a mistrial at the conclusion of the court’s charge to the jury, said charge having contained an improper comment by the court on the evidence couched in the following language “as has been shown in this case” when the court was explaining to the jury the essential element of illegal entry.[6]
The first ground presents nothing new for our consideration. State v. Eyer, 237 La. 45, 110 So.2d 521; State v. Emerson, 233 La. 885, 98 So.2d 225.
The second ground was satisfactorily answered by the trial judge in his per curiam, as follows: — “The identification of defendant by the prosecuting witness, corroborated by other proof identifying defendant’s connection with the crime charged, were facts foreclosed by the jury’s finding of guilt.” [7]
*399 The third ground has been disposed of by our ruling on Bill of Exceptions No. 1.
The fourth ground has been disposed of by our ruling on Bill of Exceptions No. 2.
Bill of Exceptions No. 3 is without merit.
Bill of Exceptions No. 4 was reserved to the denial by the trial judge of defendant’s supplemental and amended motion for a new trial.
This supplemental and amended motion for a new trial reads as follows:
“Now, as an additional reason why he should be granted a new trial, Mover shows that the Court erred in the following respect:
“(1) Conviction of the accused necessarily depended upon the identification of the accused by the complainant. The Court failed to charge the jury that in determining whether or not the defendant was identified as the person who committed the offense charge against him, it must consider all of the testimony in the case, considering the means of identification, the circumstances under which he was identified, the opportunity for identifying the said defendant, the influence brought to bear on the person claiming to identify the defendant; the fact that the emotional balance of the victim or eye witness is so disturbed by his extraordinary experience that his powers of perception became disturbed and his identification may therefore, be most untrustworthy; and that into an identification enter other motives not necessarily stimulated by the accused personally — the desire to requite a crime to exact vengeance upon the person believed guilty. (State v. Alfred E. Smith—No. 168-732 of the Criminal District Court and a recent unreported decision of the Louisiana State Supreme Court.) [8]
“II. The ruling of the Court that evidence of the brutal beating of the defendant by members of the New Orleans Police Department was not relevant and material to the issue of Defendant’s guilt or innocence and the consequent refusal to admit such testimony materially and prejudicially-affected defendant’s right to create a doubt in the minds of the jury as to *401 the sincerity of purpose and veracity of the police officers testifying against him and further deprived defendant of any favorable inference that may have been drawn by them from his failure to confess even under the presence of such brutality, to a crime which he did not commit.
“That as a result of the errors made by the Court as set forth in Nos. I and II hereof, Mover was denied a fair trial, due process and equal protection of law — all in violation of the 14th. Amendment of the U. S. Constitution.”
The defendant did not request a special charge as to his identification by the victim or by any other party;[9] he requested no charge with respect to identification.
“ * * * Omissions or errors in the charge of the trial judge, which he was not requested to supply or correct, afford no ground for complaint. State v. Stracner, 190 La. 457, 182 So. 571. And it is too late to object to a charge to the jury or to specify grounds for such objection in a motion for a new trial. State v. Boone, 194 La. 977, 195 So. 511.” State v. Guillot, 200 La. 935, 9 So.2d 235. See, State v. Washington, 225 La. 1021, 74 So.2d 200.
Under the circumstances herein, we do not find that the defendant was deprived of his constitutional rights.
Counsel for the defendant urges that the case of State v. Hills, 241 La. 345, 129 So.2d 12, is apposite to the instant prosecution. In that case we did hold that where mistaken identity is the sole and only defense of the accused, the matter of identification should be included in the judge’s general charge; however, we were considering a bill of exceptions reserved to the refusal of the trial judge to give the jury a requested special charge concerning the identity of the defendant. As stated supra, the defendant in the instant case requested no special charge; his contentions are therefore without merit.
Evidence as to alleged brutality of police officers upon the person of the defendant was irrelevant and immaterial, as the defendant did not confess to the crime charged and the State did not contend that defendant confessed nor introduce evidence to that effect. State v. Washington, 235 La. 1021, 74 So.2d 200.
Bill of Exceptions No. 4 is without merit.
Bill of Exceptions No. 5 was reserved to the overruling of defendant’s motion in arrest of judgment.
*403 The motion in arrest 'of judgment reads:
“And now, after verdict against the defendant, Joseph Brown, and before sentence, comes the said Joseph Brown, through his attorney John P. Dowling, and moves the Court herein to arrest judgment herein, and not to pronounce the same because of manifest errors in the record appearing as set forth in the Motion for a New Trial.”
A motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record. LSA-R.S. 15:517; LSA-R.S. 15:503; State v. Cooper, 231 La. 187, 91 So.2d 5.
We have previously disposed of all of the alleged errors set forth in the motion and supplemental and amended motion for a new trial. Bill of Exceptions No. 5 presents nothing new for our consideration; there is no error patent on the face of the record. The following statement from the case of State v. Domino, 234 La. 950, 102 So.2d 227, is applicable to the present matter:
“The motion in arrest of judgment is a reiteration of. the matters complained of in the various bills of exception heretofore disposed of and which require no further comment. Finding no substantial defect patent upon the face of the record, the ruling of the trial judge denying the motion in arrest of judgment is approved.”
Bill of Exceptions No. 5 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.

. Defendant was tried and convicted on April 12, 1961; Mr. George Fust withdrew as counsel for defendant on May 1, 1961; he was succeeded as counsel for defendant by Mr. John P. Dowling, who signed the motion for a new trial filed May 3, 1961; the supplemental and amended motion for a new trial filed May 29, 1961, and the motion in arrest of judgment, filed May 3, 1961.'

. The jurors who served on the panel were subpoenaed by counsel for the defendant and placed upon the witness stand by him in an effort to substantiate his allegation.

. Notwithstanding counsel’s statement at tlie time the bill was reserved, the general charge of the court was not made a part of Bill of Exceptions No. 2 and is not in the record.

. “Every objection to the charge given, or to a refusal to charge as requested, or to a refusal to give the charge in writing, shall be by means of a bill of exceptions reserved before the jury shall have retired to deliberate upon their verdict, and the bill of exceptions shall be accompanied by such a statement of facts as shall show the error in the charge given, or in the refusal to charge as requested, or that the request to give the charge in writing was refused.”

.“The conviction of the accused, a man of prior good record and reputation for being a law abiding citizen, depended primarily upon the identification of him by the complaining witness. As will be reflected by the transcript of the testimony herein coupled with the police reports in the file of the ofiice of the District Attorney, the character and manner of the identification was so vague and indefinite and made in a manner inconsistent with safeguarding the rights of this accused as to create, per se, as a matter of law, a reasonable doubt as to the accuracy of that identification and resulted in depriving him of a fair trial and due process of law in violation of the Fourteenth Amendment of the United States Constitution and of the constitution and law of the State of Louisiana.”

. The general charge of the court was not made a part of Bill of Exceptions No. 3 and is not in the record.

. The prosecuting witness testified that she awakened on the morning of the commission of the alleged crime and felt that *399 somebocly was in tile apartment with her and her baby (her husband was at work). She said that she turned over in bed and saw the accused squatting on the floor by her bed. She screamed, and he ran out of her apartment and then out of the building. She described the man and his attire to investigating officers, and when the defendant was brought to her shortly after the commission of the offense, she definitely identified him as the man wlio had been in her room. She later identified the defendant at a- police line-up, at which time he was wearing different clothes and was in the company of other persons.

. The general charge of the Court was not made a part of Bill of Exceptions No. 4 and is not in the record.

. In his per curiam, the trial judge states: “In this supplemental motion, defendant first asserts that the court erred in failing to charge the jury the law covering the manner, means and circumstances surrounding the identification of a person accused of crime, and, because of this fact defendant is entitled to a new trial.
“Suffice it to say, defendant did not request such a charge, and therefore, waived his right now to complain.”